GARRISON, Judge.
This is an appeal from a judgment of the district court, dismissing Pittman Construction Company’s third-party petition for indemnification over and against various architects and their insurers. Pittman Construction Company was the general contractor hired to erect McDonough No. 45 School for the Orleans Parish School Board. The third-party defendants (hereinafter “the architects”) filed exceptions of “pre-emption” under R.S. 9:2772 and prescription under C.C. Articles 2762 and 3545. The trial court maintained the exception of pre-emption, citing this court’s decision in OPSB v. Pittman Construction Company, 372 So.2d 717 (App. 4th, 1979), (hereinafter “Pittman II”). From that judgment, which we now affirm, Pittman Construction Company appeals.
On appeal, Pittman argues that the trial court erred in following the decision of the Fourth Circuit in Pittman II, which the appellant contends is directly opposite to the ruling of the Louisiana Supreme Court in OPSB v. Pittman Construction Company, 261 La. 665, 260 So.2d 661 (1972), (hereinafter “Pittman I.”)
In Pittman I, the general contractor and surety filed an exception of three years prescription under the then effective R.S. 38:2189, a provision of the Public Works Law:
“Any action against the contractor on the contract or on the bond or against the contractor or the surety, or both on the bond furnished by the contractor, all in connection with the construction, alteration, or repair of any public works let by the state or any of its agencies, boards, or sub-division shall prescribe three years from the registry of acceptance of such work or oí notice of default of the contractor unless otherwise limited in this said chapter.” Added by Acts 1962, No. 15 § 1.
The trial court upheld this exception, which action we affirmed and the Louisiana Supreme Court reversed, overruling the exception and remanding the case.
*575 The School Board argued that C.C. Art. 2762[1] provided a ten-year warranty of good workmanship on the part of the contractor and that 38:2189, which was enacted six years before the building fell to ruin thus activating C.C. Art. 2762, could not be applied retroactively to divest the Board of this already vested substantive right of warranty or otherwise impair its rights under law and the contract.
The court found that C.C. Art. 2762 created a substantive right of warranty and that the ten year period contained therein was a limit on the time in which the defect must be manifest in order to activate the cause of nrt.inn in 2769.
In contrast, the court found that C.C. Art. 3545 was a prescriptive statute to be applied after the building fell to ruin activating the ten year warranty in 2762:
Art. 3545. “The action against an undertaker or architect, for defect or [of] construction of buildings of brick or stone, is prescribed by ten years.”
The court found that as the building did not fall to ruin until 1968, there was no cause of action until that time when the running of prescription under 3545 also commenced. Although the cause of action did not accrue until 1968, the substantive right of warranty in 2762 vested at the time that the contract was confected in 1960. Thus, the court rightly concluded that the substantive right vested in 1960 could not be affected by the substantive enactment in 1962 of a peremptive statute, 38:2189, under constitutional and legislative guarantees against ex post facto laws or laws impairing the obligations of contracts. U.S. Constitution Art. 1 § 10; La.Const.1921, Art. 4 § 15; C.C. Art. 1945. The court further stated that if R.S. 38:2189 were a statute of prescription, then prescription could not run until the cause of action came into being. The court did not expressly state whether R.S. 38:2189 was peremptive or prescriptive.
In contrast to Pittman I, Pittman II dealt with a third-party petition for indemnification and a totally different statute, R.S. 9:2772. While in Pittman I, the Supreme Court was faced with an already vested substantive right, Pittman II contained no such vested right because prescription does not begin to run on a claim for indemnity until the party seeking indemnification has been cast in judgment. As noted by the Supreme Court in Pittman I, prescription cannot run until the cause of action comes into being. Thus prior to judgment, Pittman Construction Company would only have an unvested inchoate right to indemnification and would only be able to apply for a reservation of that potential right by a third-party petition.
In Pittman II, also acting then as the organ of the court, I relied upon the intervening Louisiana Supreme Court decision of Lott v. Haley, 370 So.2d 521 (1979), wherein it stated:
“Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950) State v. Records of Mortgages, 186 La. 661, 173 So. 139 (1937).” At 524
In Pittman II, this court found that provision (G.) of R.S. 9:2772 provided a reasonable time in which Pittman could have asserted its rights:
“(G.) Causes of action which exist prior to July 29, 1964 shall be pre-empted one year from said date or by the applicable pre-emptive period established by this Section, whichever is later.”
* * # * * *
“(C.) If such an injury to the property . occurs during the ninth-year after the date set forth in Sub-section A, an *576 action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than eleven years after the date set forth in Sub-section A . . . ”
******
“(A.) No action ... to recover on a contract . . . shall be brought . (1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner

The School Board filed its acceptance on September 14, 1960 and its suit on August 1, 1969, thus under Sections (G), (C), and (A), Pittman had until September 14, 1970 to file its third-party demands. Pittman did not file its third-party demand until June 29, 1973. Thus the Fourth Circuit in Pittman II found that the “pre-emptive” period of R.S. 9:2772 applicable. Consequently, that which defeated the construction company’s claim was not the retroactive application of the statute, but Pittman’s own failure to protect its potential rights under the statute by filing timely. Hence, there exists no conflict between the ruling of the Louisiana Supreme Court in Pittman I and the ruling of the Fourth Circuit in Pittman II.
Turning now to the instant appeal, we note that the facts before us, but for the identities of the parties, are identical to those found in Pittman II. The School Board filed its acceptance on September 14, 1960 and its suit on August 1, 1969. Once again, it is not a retroactive application of the statute which destroys Pittman’s cause of action, but rather Pittman is defeated by its own failure to have filed suit timely.
For the reasons discussed above, the judgment of the trial court is affirmed.

AFFIRMED.

. Art. 2762. “If a building, which an architect or other workman has undertaken to make by the job, should fail to ruin either in whole or part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.”