STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-379


CHARLES EBINGER, ET AL.

VERSUS

VENUS CONSTRUCTION CORPORATION


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-5416
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

AFFIRMED.


Wayne M. Babovich
Kelly E. Balfour
Babovich & Spedale, PLC
1539 Jackson Avenue, Suite 230
New Orleans, LA 70130
(504) 310-3886
Counsel for Defendant/Appellee:
	Roy Carubba

Thomas J. Eppling
Lance Edward Harwell
Staines & Eppling
3500 N. Causeway, Suite 820
Metairie, LA 70002
(504) 838-0019
Counsel for Defendant/Appellee:
	Post-Tension Slabs, Inc.

Thomas H. Morrow
William Lee Melancon
Melancon & Associates
900 S. College, Suite 300
Lafayette, LA 70503
(337) 233-8600
Counsel for Plaintiffs/Appellees:
      Charles Ebinger
      Charlene Ebinger

W. Evan Plauché
Justin E. Alsterberg
Hailey, McNamara, Hall, Larmann
      & Papale, L.L.P.
P.O. Box 8288
Metairie, LA 70011-8288
(504) 836-6500
Counsel for Defendant/Appellant:
      Venus Construction Company

David C. Bach
Hailey, McNamara, Hall, Larmann
      & Papale, L.L.P.
10725 Perkins Road, 2nd Floor
Baton Rouge, LA 70810
(225) 766-5567
Counsel for Defendant/Appellant:
      Venus Construction Company

Glen E. Mercer
Kourtney Twenhafel French
Salley, Hite & Mercer
365 Canal Street, Ste 1710
New Orleans, LA 70130
(504) 566-8800
Counsel for Defendant/Appellee:
      Maryland Insurance Company

Christopher John Couch
Attorney at Law
111 Veterans Memorial Boulevard, Suite 1600
Metairie, LA 70005
(504) 838-7747
Counsel for Defendant/Appellee:
      Roy Carubba

Leigh Haynie
Attorney at Law
1009 Kidder Road
Carencro, LA 70520
(337) 886-9145
Counsel for Plaintiff/Appellee:
      Charles Ebinger

**DECUIR, Judge.**

In 2003, six years after the completion of the construction of their home, the homeowners, Charles and Charlene Ebinger, filed suit against the contractor, Venus Construction, under the New Home Warranty Act, La.R.S. 9:3141-3150. The Ebingers' petition alleged major structural defects in the home. Three years later, in 2006, Venus Construction filed third party demands against a subcontractor, Post-Tension Slabs, Inc., and Roy Carubba, an engineer with Carubba Engineering. Roy Carubba filed numerous exceptions including an exception of peremption based on La.R.S. 9:5607, enacted in 2003, which provides in part:

> A. No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architect intern, or agent as defined in R.S. 37:141, or professional interior designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
>
> (1) The date of registry in the mortgage office of acceptance of the work by owner; or
>
> (2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or
>
> (3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work.
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.

The trial court maintained the exception of peremption filed by Roy Carubba and dismissed the third party demand of Venus Construction, essentially concluding that Venus Construction did not have a vested right against Roy Carubba before La.R.S. 9:5607 was enacted. Therefore, the statute must be applied retroactively. The trial court held:

The Court finds that La.R.S. 9:5607 is remedial in nature and that it applies retroactively to Venus' third party demand against Carubba. Venus only has an unvested inchoate right to indemnification prior to being cast in judgment. The defendant's right for indemnification against the third party is not absolute, complete and unconditional, but dependent on a contingency, i.e., being cast in judgment. See *W.R.M. v. H.C.V.,* 951 So.2d 172 (La. 03/09/2007); *Orleans Parish School Bd. v. Pittman Constr. Co.,* 384 So.2d 573 (La.App. 4 Cir. 1980); *Patriot Am. Hospitality P'ship, LP v. Miss. Land Holdings, Inc.,* 948 So.2d 249 (La.App. 4 Cir. 12/13/06).

Therefore, the Court grants the exception of peremption/prescription filed by third party defendant, Roy Carubba against the defendant, Venus Construction Company.

The Court further notes that La.R.S. 9:5607(D) provides that it supersedes the provisions of La.R.S. 9:2772. Therefore the applicability of La.R.S. 9:2772 will not be examined.

We find no error in the decision rendered by the trial court. Venus Construction's argument that its right to indemnification is a vested, pre-existing right which is protected from the retroactive application of La.R.S. 9:5607 is simply untenable. Prior to the enactment of the statute, Venus Construction had not yet been sued by the Ebingers; therefore, no right to indemnification for the Ebingers' potential claims existed. Once the Ebingers' suit was filed, Venus Construction

2

acquired an unvested, conditional right to indemnification. Nevertheless, three years passed before Venus Construction filed its third party demand against Roy Carubba, and no judgment had yet been rendered against Venus Construction. By that time, the claim was perempted pursuant to the terms of La.R.S. 9:5607. *Lee v. Prof'l Constr. Servs., Inc.,* 07-865 (La.App. 5 Cir. 3/11/08), 982 So.2d 837, *writ denied*, 08-782 (La. 6/6/08), 983 So.2d 919. *See also Orleans Parish Sch. Bd. v. Pittman Constr. Co., Inc.,* 384 So.2d 573 (La.App. 4 Cir. 1980.)

Accordingly, the judgment is affirmed, at Venus Construction's cost.

**AFFIRMED.**

3