STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-194 consolidated with CW 09-1407


CHARLES EBINGER, ET UX.

VERSUS

VENUS CONSTRUCTION CORPORATION, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20035416
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

**Wayne M. Babovich**
**Babovich & Spedale, PLC**
**1750 St. Charles Avenue, Unit 206**
**New Orleans, LA  70130**
**(504) 310-3886**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Roy Carubba**

**Thomas J. Eppling**
**Craig W. Brewer**
**Sara P. Scurlock**
**Staines, Eppling & Myers**
**3500 N. Causeway Boulevard, Suite 820**
**Metairie, LA  70002**
**(504) 838-0019**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Post-Tension Slabs, Inc.**

**Thomas H. Morrow**
**William Lee Melancon**
**Melancon & Associates**
**900 S. College Boulevard, Suite 300**
**Lafayette, LA   70503**
**(337) 233-8600**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Charles Ebinger**
    **Charlene Ebinger**

**W. Evan Plauche'**
**Justin E. Alsterberg**
**Shailendra Kulkarni**
**Hailey, McNamara, Hall, Larmann & Papale, LLP**
**One Galleria Boulevard, Suite 1400**
**Metairie, LA   70011-8288**
**(504) 836-6500**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Venus Construction Corporation**

**Glen E. Mercer**
**Kourtney Twenhafel French**
**Salley, Hite, Rivera & Mercer**
**365 Canal Street, Suite 1710**
**New Orleans, LA   70130**
**(504) 566-8800**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Maryland Insurance Company**

AMY, Judge.

The plaintiffs filed suit against their home contractor alleging structural defects in the home's construction. The contractor later filed a third party demand against a subcontractor and an engineer. The engineer was dismissed from the demand upon a granting of an exception of peremption pursuant to La.R.S. 9:5607. That determination was affirmed on appeal. The subcontractor also filed an exception of prescription which was granted by the trial court in light of the determinations as to the engineer. The contractor seeks review of the subcontractor's dismissal, filing both an application for supervisory writ and an appeal. On consolidated review, we reverse and remand.

**Factual and Procedural Background**

The plaintiffs, Charles and Charlene Ebinger, engaged Venus Construction Corporation to construct their residence in 1995. In the 2003 petition instituting this matter, the plaintiffs alleged that the home contained major structural defects, including defects in the foundation system which resulted in, among other things, cracks in the sheet rock, tile, and brick floor. The plaintiffs sought recovery under the New Home Warranty Act, *see* La.R.S. 9:3141, *et seq*., and named Venus as a defendant.

In a 2006 Third Party Demand, Venus sought indemnification from Post-Tension Slabs, Inc., a foundation subcontractor, and from Roy Carubba, an engineer. Mr. Carubba filed an exception of peremption based on La.R.S. 9:5607. He observed that La.R.S. 9:5607, as enacted in 2003, contained a five-year peremptive period for suits brought under the New Home Warranty Act and argued that this period should be applied retroactively to dismiss Venus's indemnification suit against him. The trial court granted the exception as the third party demand was not filed until nine

years after the home was completed. On appeal, a panel of this court affirmed the trial court's ruling that, prior to the 2003 enactment of La.R.S. 9:5607, Venus's claim for indemnification did not yet exist. *See Ebinger v. Venus Constr. Corp.*, 08-379 (La.App. 3 Cir. 10/1/08), 995 So.2d 1224. The panel determined that Venus acquired an unvested, conditional right to indemnification at the time the Ebingers filed the initial suit. *Id.* However, it was three additional years until Venus filed a third party demand against Mr. Carubba and no judgment on the Ebingers' suit had been rendered against Venus at that time. By then, Venus's claim was peremptied by the five-year peremptive period of La.R.S. 9:5607.[1]

Thereafter, and at issue in this review, Post-Tension filed an exception of prescription, asserting that Venus's claim for indemnification had peremptied against it as it had against Mr. Carubba since both claims were for indemnification. The trial

---

[1] Entitled "Actions against a professional engineer, surveyor, professional interior designer, architect, real estate developer; peremptive period[,]", La.R.S. 9:5607 provides:

> A.     No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architect intern, or agent as defined in R.S. 37:141, or professional interior designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
> . . . .
> (2)     The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded[.]
> . . . .
> B.     The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
> C.     The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
> D.     The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Article 2762 and 3545.

2

court granted the exception and dismissed Venus's claim against Post-Tension Slab. Venus seeks review of the ruling through application for supervisory writ and by appeal.[2] These matters were consolidated for review.

**Discussion**

Venus contends that the trial court erred in determining that its right to indemnification vested at the time of the main 2003 demand. It argues, instead, that its right vested, at the latest at the time the home was occupied in April 1997. In support of this, it points to Post-Tension's completion of its foundation work prior to the home's occupancy. It also contends that Post-Tension fulfilled, or breached, its contract by that time period and, therefore, the applicable peremptive period is that in place at the time of the occupancy.

As Post-Tension is a contractor rather than an engineer, like Mr. Carubba in the first review of this matter in *Ebinger*, 995 So.2d 1224, La.R.S. 9:2772 provides the applicable peremptive period in this case. Venus and Post-Tension differ, however, on which version of the statute is applicable.

Post-Tension argues that the statute, as amended in 2003, is applicable and provides a five-year peremptive period. This version of the statute, which was followed by the trial court, provides:

> **§ 2772.** **Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon**
>
> A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation,

[2] For disposition of the companion writ application, *see Ebinger v. Venus Constr. Corp.*, CW09-1407 (La.App. 3 Cir. _/_/10), _ So.3d _.

consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):

(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

(b)     If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

. . . .

B.     (1)     The causes which are perempted within the time described above include any action:

. . . .

(b)     For damage to property, movable or immovable, arising out of any such deficiency.

. . . .

(3)     This peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

Thus, Post-Tension contends that the peremptive period for Venus's indemnification claim commenced in 1997 at the time the Certificate of Occupancy was issued. *See* La.R.S. 9:2772(A)(1). It further argues that, since Venus did not file its third party demand until 2006, its claim was perempted due to the expiration of more than five years. The trial court, citing *Ebinger*, 995 So.2d 1224, agreed with

4

Post-Tension and applied the 2003 version of La.R.S. 9:2772 in dismissing the matter.

Venus, however, contends that the 1997 version of La.R.S. 9:2772 is applicable as it set forth the peremptive period at the time the Certificate of Occupancy was issued, or alternatively, as the latest day its contract with Post-Tension could have been breached. In 1997, the statute included a ten-year peremptive period and provided:

> A. No action, whether ex contractu, ex delicto, or otherwise, including, but not limited to, an action for failure to warn, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
>
> (1) More than ten years after the date of registry in the mortgage office of acceptance of the work by owner; or
>
> (2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvement has been thus occupied by the owner[.]
>
> . . . .
>
> B. The causes which are perempted within the time described above include any action:
>
> (1) For any deficiency . . . . in the construction of any improvement to immovable property;
>
> . . . .
>
> This peremptive period shall extend to every demand whether brought by direct action or for contribution or indemnity or by third party practice, or whether brought by the owner or by any other person.

Thus, the final clause of La.R.S. 9:2772(B) specifically indicates that the peremptive period is applicable to an indemnity claim. Moreover, Venus asserts that its right to seek indemnity against Post-Tension became a vested right at the time of occupancy.

Generally, Louisiana courts have determined that prescription on an indemnification claim "begins to run when the indemnity claimant *suffers the loss or damage*, at the time of the payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnity, i.e., when the judgment has been cast." *Reggio v. E.T.I.*, 07-1433, p. 9 (La. 12/12/08), 15 So.3d 951, 957 (emphasis in the original). This was recognized by the panel in *Ebinger*, 995 So.2d at 1226, when it explained:

> Prior to the enactment of the statute, Venus Construction had not yet been sued by the Ebingers; therefore, no right to indemnification for the Ebingers' potential claims existed. Once the Ebingers' suit was filed, Venus Construction acquired an *unvested, conditional right to indemnification*. Nevertheless, three years passed before Venus Construction filed its third party demand against Roy Carubba, and no judgment had yet been rendered against Venus Construction.

Accordingly, the *Ebinger* panel determined that Venus's indemnity claim against Mr. Carubba had perempted as the period expired before the third party demand was filed or Venus was cast in judgment. Post-Tension seeks to apply that general principle to its contention that Venus's indemnity claim has similarly perempted.

Yet, La.R.S. 9:5607, as applied in the first *Ebinger* review, and La.R.S. 9:2772 differ. La.R.S. 9:2772(B), at all times pertinent to this matter, has provided that "this peremptive period shall extend to every demand, whether brought by direct action *or for contribution or indemnity* or by third-party practice, and whether brought by the owner or by any other person." (Emphasis added.) This provision deliberately

6

commenced the peremptive period at the time of the 1997 Certificate of Occupancy and became a vested right of the indemnity claimant. Jurisprudence has recognized that La.R.S. 9:2772 is "an exception to the general rule that a claim for indemnification doesn't begin to prescribe until the party is cast in judgment." *See Claiborne v. Rheem Mfg. Co.*, 579 So.2d 1199, 1200 (La.App. 5 Cir.)(citing *Smith v. Ly*, 498 So.2d 128 (La.App. 5 Cir. 1986)), *writ denied*, 584 So.2d 1164 (1991).

For these reasons, Post-Tension's reliance on *Ebinger*, 995 So.2d 1224, and *Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc.*, 06-0601 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, *writ denied*, 07-80 (La. 3/9/07), 949 So.2d 450, is misplaced as both cases involved interpretations of La.R.S. 9:5607. *See also Lafayette Parish Sch. Bd. v. Ratcliff Constr. Co.*, 09-762 (La.App. 3 Cir. 2/3/10), 30 So.3d 279, *writ granted in part, denied in part,* 10-0931 (La. 9/17/10), _ So.3d _ (wherein the Louisiana Supreme Court recently remanded the matter to the district court to allow the plaintiff to remove the grounds of the exception of peremption by amendment of the petition.).

Furthermore, this case falls outside of the general concept that a law modifying the duration of prescription will be inapplicable in cases where prescription has accrued, but may be applicable to those which are running. *See Elevating Boats, Inc. v. St. Bernard Parish*, 00-3518 (La. 9/15/01), 795 So.2d 1153. This jurisprudence is inapplicable in cases in which a statute shortens a prescriptive period, as here. *Id.* at 163, n. 12. Instead, the supreme court has remarked that "[p]rinciples of fairness and equity combined with constitutional considerations have led us to find that statutes *shortening* a prescriptive period may be impermissible absent a transitional period

7

sufficient to permit a claimant to seek judicial enforcement of a claim otherwise adversely affected by the new prescriptive period." *Id.* (Emphasis in the original.)

For these reasons, we find error in the trial court's retroactive application of La.R.S. 9:2772 in granting Post-Tension's exception of prescription. We reverse that determination and remand for further proceedings.

## DECREE

For the foregoing reasons, the trial court's dismissal of the appellee, Post-Tension Slabs, Inc., pursuant to the granting of the exception of prescription is reversed. This matter is remanded for further proceedings. All costs of this proceeding are assessed against the appellee, Post-Tension Slabs, Inc.

**REVERSED AND REMANDED.**