KIMBALL, C.J.
 

 | tin this dispute over alleged defects in the construction of a new home, the issue before this Court is whether the construction company’s third-party demand against a subcontractor is time-barred. The resolution of this issue depends primarily upon the application of La. R.S. 9:2772, which establishes a peremptive period for actions against residential building contractors. This peremptive period was established originally at ten years, but subsequent amendments have shortened its duration twice. A 1999 amendment reduced the period to seven years; a 2003 amendment reduced it to five years. For the reasons that follow, we find the latest version of the statute applies; consequently, the construction company’s right to indemnity is extinguished and its third-party demand is perempted.
 

 FACTS
 

 In 1995, Charles and Charlene Ebinger contracted with Venus Construction Cor
 
 *1282
 
 poration to build a home in Lafayette, Louisiana. The couple moved into their new residence in the spring of 1997, obtaining a certificate of occupancy on April 22, 1997. On October 9, 2003, the Ebing-ers filed the instant suit against Venus, alleging defects in the home’s foundation had caused cracks in the drywall, tile, brick walls, and floor. The Ebingers sought recovery under the New Home | ^Warranty Act, La. R.S. 9:3141,
 
 et seq.
 
 On September 22, 2006, Venus filed a third-party demand seeking indemnification from engineer Roy Carubba and the subcontractor that supplied the foundation, Post-Tension Slabs, Inc. Mr. Carubba filed an exception of peremption based on La. R.S. 9:5607,
 
 [1]
 
 which governs damages actions against engineers and establishes a five-year peremptive period for such claims. The trial court granted the exception, ruling the statute applies retroactively. The Third Circuit Court of Appeal affirmed the trial court’s ruling, finding that Venus’ indemnification claim against Mr. Carubba did not exist before La. R.S. 9:5607 was enacted because Venus was not sued by the Ebingers until after the statute took effect.
 
 Ebinger v. Venus Constr. Corp.,
 
 08-379 (La.App. 3 Cir. 10/1/08), 995 So.2d 1224, 1226
 
 (“Ebinger I
 
 ”). The court of appeal agreed with the trial court that Venus acquired an “unvested, conditional right” to indemnification when the Ebing-ers filed suit, but that it was by that time perempted under La. R.S. 9:5607.
 
 Id.
 

 Following the outcome of that appeal, Post-Tension Slabs filed an exception of prescription, asserting an argument similar to Mr. Carubba’s — that Venus’ indemnification claim against it also was per-empted. However, Post-Tension [¡¡based its argument on La. R.S. 9:2772,
 
 [2]
 
 which provides a five-year peremptive period for such claims against contractors. The trial court granted the exception. Venus appealed, contending the 1997 version of La. R.S. 9:2772, which provided a ten-year per-
 
 *1283
 
 emptive period, should apply. The Third Circuit Court of Appeal reversed the trial court’s ruling.
 
 Ebinger v. Venus Constr. Corp.,
 
 10-194 (La.App. 3 Cir. 10/6/10), 48 So.3d 375
 
 (“Ebinger II”).
 
 The court of appeal agreed with Venus, basing its opinion in part on a provision in La. R.S. 9:2772 that is not contained in La. R.S. 9:5607. Section 2772 provides that its per-emptive period “shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.” La. R.S. 9:2772(B)(3). The Third Circuit reasoned that this language started the per-emptive period when the certifícate of occupancy was issued in 1997; the court also determined that Venus’ claim for indemnity against Post-Tension became a vested right at that time.
 
 Id.
 
 at 379. Therefore, the court of appeal concluded that the ten-year peremptive period contained in the 1997 version of § 2772 applied, and because Venus’ claim against Post-Tension was filed nine years after the peremptive period began, it was not perempted. To review the correctness of this decision, and to resolve an apparent conflict between courts of Lappeal,
 
 [3]
 
 we granted certiorari.
 
 Ebinger v. Venus Constr. Corp.,
 
 10-2516 (La.1/28/11), 56 So.3d 955.
 

 LAW AND ANALYSIS
 

 Venus’ third-party demand against Post-Tension is based on the longstanding principle that a party whose liability results from the faults of others may recover by way of indemnity.
 
 See Bewley Furniture Co., Inc. v. Maryland Casualty Co.,
 
 285 So.2d 216 (La.1973). The rule of indemnity is founded upon the general obligation to repair the damage caused by one’s fault and the moral maxim that “no one ought to enrich himself at the expense of another.”
 
 Id.
 
 at 220 (citing La. C.C. arts. 2315);
 
 see also
 
 La. C.C. art. 2298.
 
 [4]
 
 However, the right to indemnity is not necessarily absolute; it may be modified by prescriptive or peremptive periods. As the parties in this matter have acknowledged, La. R.S. 9:2772 establishes a per-emptive period for the exercise of Venus’ indemnification right against Post-Tension. The crux of their dispute is whether that period is ten years, as the statute originally established, or five years, as a 2003 amendment subsequently established. First, we must determine when the per-emptive period commenced. Second, we must address which version of La. R.S. 9:2772 applies to the instant matter. Third, we must decide when Venus’ cause of action arose. We will analyze each of these issues in turn.
 

 When Did The Applicable Peremptive Period
 
 Begin?
 

 Enacted in 1964, La. R.S. 9:2772 provides that no action against a residential building contractor can be brought after the applicable peremptive period has run. This prohibition includes third-party demands; the peremptive period “shall extend to every demand, whether brought by direct action or for | .^contribution or indemnity or by third party practice.... ” § 9:2772(B)(3). Originally, the statute forbid litigation of such an action once ten
 
 *1284
 
 years had passed from the owner’s acceptance of the work. As amended in 2003, the statute precludes any action brought “more than five years after the date of registry in the mortgage office of acceptance of the work by owner.” § 9:2772(A)(l)(a). If no such acceptance has been recorded six months after the owner takes possession, the statute precludes any action brought “more than five years after the improvement has been thus occupied by the owner.” § 9:2772(A)(l)(b). Therefore, regardless of the length of the peremptive period, it began when the owners took possession of the house or filed an acceptance of the work. In her deposition, Mrs. Ebinger testified that the couple moved into the house in April or May 1997. The parties in this matter agree that a certificate of occupancy was issued for the Ebingers’ residence by American Metropolitan Code Authority on April 22, 1997. No notice of the owners’ acceptance appears in the record before us; we therefore assume the peremptive period commenced upon the issuance of the certificate of occupancy. Thus, Venus’ indemnity claim is not per-empted if the ten-year period applies because its third-party demand was filed in September 2006, approximately nine years and five months after the Ebingers took occupancy of their new home. Alternatively, Venus’ indemnity claim is perempt-ed if the five-year period applies. We turn next to the question of which period applies.
 

 Which Peremptive Period Applies To This Claim?
 

 As previously mentioned, the peremp-tive period prescribed by La. R.S. 9:2772 has been shortened twice, by amendments in 1999 and 2003. Acts 1999, No. 1024, § 1 substituted “seven” for “ten” years in subsection (A)(1)(a). However, Section 2 of Acts 1999 states: “The provisions of this Act shall have prospective application only and shall apply to contracts entered into on or after the | fieffective date of this Act.” The amendment took effect August 15, 1999. Therefore, because the Ebingers entered into a contract with Venus in 1995, the 1999 amendment is inapplicable to the instant matter under the plain meaning of its terms.
 

 Whether the 2003 amendment applies is a more difficult question. Acts 2003, No. 919, § 1 substituted “five” for “seven” years in subsection (A)(1)(a). However, the 2003 amendment did not carry the above-quoted provision that it would “have prospective application only.” Venus contends the restriction applies to the 2003 amendment despite the absence of that language in the legislation. Venus avers the “prospective only” proviso reflects the legislative intent behind both amendments. Because the statute that shortened the peremptive period of § 2772 from ten years to seven years had prospective application only, Venus asserts, the statute that shortened the period from seven years to five years should likewise have prospective application only. We cannot agree with this statutory construction. When analyzing legislative history, it is presumed the legislature’s actions in drafting a law were knowing and intentional.
 
 In re Succession of Faget,
 
 10-0188 (La.11/30/10), 53 So.3d 414, 420. More particularly, this Court must assume the legislature was aware of existing laws on the same subject, as well as established principles of statutory construction and the effect of their legislative acts.
 
 Id.
 
 Therefore, we must interpret the omission of any reference to “prospective only” application in the 2003 amendment as deliberate. The restriction contained in the 1999 amendment referred, by its own terms, to the provisions of the 1999 Act. Had the legislature intended the 2003 amendment to ap
 
 *1285
 
 ply only to contracts entered into after its effective date, it would have included the same language in the 2003 Act. We cannot read into the statute language that is absent from it.
 

 17Nevertheless, Venus argues the 2003 amendment cannot be applied to per-empt its third-party demand against Post-Tension because to do so would disturb a vested indemnification right. Under the Due Process and Contract Clauses of both the United States and Louisiana Constitutions, a law may not be applied retroactively if it would impair contractual obligations or disturb vested rights.
 
 M.J. Farms, Ltd. v. Exxon Mobil Corp.,
 
 07-2371 (La.7/1/08), 998 So.2d 16, 29-30. Before we consider whether Venus’ indemnification right vested before the 2003 amendment took effect, however, we must analyze whether the 2003 amendment otherwise may be applied retroactively.
 

 The Louisiana Revised Statutes are not applied retroactively “unless it is expressly so stated.” La. R.S. 1:2. However, the Louisiana Civil Code makes clear that this rule of statutory construction applies to substantive laws only. In the absence of contrary legislative expression, procedural and interpretive laws apply both prospectively and retroactively. La. C.C. art. 6. “[Statutes of limitation [the common-law analog to statutes of peremption or prescription] are remedial in nature and as such are generally accorded retroactive application.”
 
 Lott v. Haley,
 
 370 So.2d 521, 523 (La.1979). La. R.S. 9:2772 does not expressly state that it may be applied retroactively. However, it is a procedural law, establishing a period after which a plaintiff may no longer assert a claim. Subject to the caveat that it may not operate to disturb a vested right, § 2772 may be applied retroactively.
 

 Despite the trial court and court of appeal’s rulings in this case, we do not find it necessary to accord the statute retroactive application. The 2003 amendment became effective August 15, 2003, approximately two months before the Ebingers filed suit against Venus. Therefore, its application in this matter is not necessarily retroactive. Although the applicable peremptive period | scommenced in 1997, before the amendment took effect and before the suit was filed, this antecedent does not in itself require retroactivity. “[AJpplying a legislative act to conduct antedating the statute’s enactment or upsetting a party’s expectations based upon prior law does not mean the statute is impermissibly ‘operating retroactively.’ ”
 
 Elevating Boats, Inc. v. St. Bernard Parish,
 
 00-3518 (La.9/5/01), 795 So.2d 1153, 1163.
 

 As Marcel Planiol explained, a law is retroactive “when it goes back to the past either to evaluate the conditions of the legality of an act, or to modify or suppress the effects of a right already acquired. Outside of those conditions, there is no retroactivity.”
 
 Id.
 
 (quoting 1 Marcel Planiol, Treatise on the Civil Law, § 243 (La. State Law Inst. Trans.1959) (12th ed.1939)). In the instant matter, § 2772 “goes back to the past” not to evaluate the legality of an act but to begin the peremptive stopwatch. Therefore, it is retroactive only if it affects a right already acquired, i.e. vested. The 2003 amendment of La. R.S. 9:2772 became effective before Venus filed its third-party demand against Post-Tension, and it will apply
 
 prospectively
 
 to perempt that claim if it does not disturb a vested indemnification right. We now turn to the question of whether Venus’ right to indemnity vested before the 2003 amendment became effective.
 

 
 *1286
 

 When Did Venus’ Cause Of Action Arise?
 

 Under Louisiana law, a cause of action accrues when a party has the right to sue.
 
 Bourgeois v. A.P. Green Indus., Inc.,
 
 00-1528 (La.4/3/01), 783 So.2d 1251, 1259. Fault, causation, and damages are required for a cause of action to accrue.
 
 Owens v. Martin,
 
 449 So.2d 448, 451 (La.1984). “Once a party’s cause of action accrues, it becomes a vested property right that may not constitutionally be divested.”
 
 Cole v. Celotex Corp.,
 
 599 So.2d 1058, 1063 (La.1992). A right is vested when “the right to enjoyment, present or prospective, has become the | nproperty of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit ... does not constitute a vested right.”
 
 Sawicki v. K/S Stavanger Prince,
 
 01-0528 (La.12/7/01), 802 So.2d 598, 604 (ellipses in original).
 

 Venus contends its right of indemnity against Post-Tension vested as soon as the Ebingers first noticed cracks in the brick veneer of their house. In support of this proposition, Venus relies on lower courts’ pronouncements that La. R.S. 9:2772 is an exception to the general rule that prescription on a claim for indemnification does not begin to run until the party seeking indemnification has been cast in judgment.
 
 Smith v. Ly,
 
 498 So.2d 128, 130 (La.App. 5 Cir.1986);
 
 see also Claiborne v. Rheem Mfg. Co.,
 
 579 So.2d 1199, 1200 (La.App. 5 Cir.1991). Because of this purported exception, Venus argues, its indemnity right vested as soon as the alleged damage manifested itself. In support of this proposition, Venus cites our discussion of libera-tive prescription in
 
 Bailey v. Khoury,
 
 04-0620 (La.1/20/05), 891 So.2d 1268,1275 (explaining that prescription “generally begins to run when the victim knows or should know of the damage, the delict and the relationship between them.”).
 

 We disagree that Venus’ indemnification right vested as soon as the Ebing-ers noticed damage in their home. As an initial matter, we are mindful of the difference between prescription and peremption. Although related, the two are not the same and should not be confused; what is true of prescription may not be true of peremption. Peremption differs from prescription in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period.
 
 Naghi v. Brener,
 
 08-2527 (La.6/26/09), 17 So.3d 919, 926.
 

 110In addition to this critical distinction between peremption and prescription, we are mindful of the difference between the commencement of peremption and the accrual of a cause of action. These key moments in time apparently have been confused in this case. Although the peremptive period in this matter began on April 22, 1997, nothing in La. R.S. 9:2772 indicates that Venus’ right to indemnity vested at that time, as Venus contends. Logic and the nature of indemnity instruct otherwise. Although cracks in the Ebingers’ brick veneer may create a cause of action for the homeowners, it did not create Venus’ cause of action for indemnity. Indemnity is a separate substantive cause of action, independent of the underlying wrong.
 
 Nassif v. Sunrise Homes,
 
 98-3193 (La.6/29/99), 739 So.2d 183, 186. As we explained in
 
 Nassif,
 
 “[indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed.”
 
 Id.
 
 at 185. Unless and until Venus is cast in judgment, it has discharged no liability for which to seek reimbursement from Post-Tension. A third-party defendant is liable
 
 *1287
 
 to the third-party plaintiff only if the third-party plaintiff is cast in judgment.
 
 Howard v. Baker Heritage Hosiery,
 
 683 So.2d 827, 830 (La.App. 5 Cir.10/1/96). In other words, liability on a third-party demand is contingent upon the result of the main demand.
 
 Burns v. McDermott, Inc.,
 
 665 So.2d 76, 79 (La.App. 1 Cir.1995).
 

 When the trial court granted the exception of peremption in this matter filed by Carubba, the engineer, the court reached a similar conclusion using the same reasoning. The court held: “Venus only has an unvested, inchoate right to indemnification prior to being cast in judgment. [Venus’] right for indemnification against the third party is not absolute, complete and unconditional, but dependent on a contingency, i.e. being cast in judgment.”
 
 Ebinger I,
 
 995 So.2d at 1225. The court of appeal reached the same conclusion and adopted the trial court’s language, | 1 ¶ stating: “Once the Ebingers’ suit was filed, Venus Construction acquired an unvested, conditional right to indemnification.”
 
 Id.
 
 at 1226.
 

 In a similar dispute, the Fourth Circuit Court of Appeal also reached the same conclusion and adopted the language used by the trial court in
 
 Ebinger I.
 
 In
 
 Metairie III v. Poche’ Constr., Inc.,
 
 10-0353 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, an assisted-living center sued its general contractor after problems with the building’s sewer system emerged. The general contractor, Poche Construction, Inc., brought a third-party action against its plumbing subcontractor. The Fourth Circuit held Poche’s third-party claim against the subcontractor was “merely an unvested inchoate right to indemnification prior to being cast in judgment.”
 
 Id.
 
 at 454. Nevertheless, the Third Circuit Court of Appeal in
 
 Ebinger II, supra,
 
 reached a conclusion different from those in
 
 Ebinger I
 
 and
 
 Poche’.
 
 The court distinguished the former case because it involved interpretation of a different statute, La. R.S. 9:5607. The Third Circuit also relied on our holding that “statutes
 
 shortening
 
 a prescriptive period may be impermissible absent a transitional period sufficient to permit a claimant to seek judicial enforcement of a claim otherwise adversely affected by the new prescriptive period.”
 
 Ebinger II,
 
 48 So.3d 375, 380 (quoting
 
 Elevating Boats, supra,
 
 795 So.2d at 1163, n. 12) (emphasis in original). The court of appeal’s reliance on this dictum is misplaced for several reasons. First, the statement applies to statutes that shorten prescriptive periods, not peremptive periods. Second, the statement is conditional, indicating that such statutes are not necessarily impermissible. Third, and most important, to conclude Venus’ claim was adversely affected by the new peremptive period is to mistakenly assume Venus could have sought judicial enforcement of that claim. If Venus’ cause of action for indemnity did not accrue before the 2003 amendment, as we discussed 112earlier, its claim did not yet exist. A non-existent claim cannot be adversely affected by a change in the law.
 

 As we have explained, the conclusion reached by the court of appeal in
 
 Ebinger II
 
 was different from the court in
 
 Ebinger I
 
 because of the following language in La. R.S. 9:2772: “this peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity ...” Because the statute explicitly commenced the prescriptive period for Venus’ third-party claim at the time the Ebingers took occupancy of their home, the
 
 Ebinger II
 
 court held that Venus’ right to indemnification vested simultaneously. As discussed above, we disagree. A vested right must be absolute, complete and unconditional, independent of a contingency.
 
 Sawicki,
 
 802 So.2d at 604.
 

 When the Ebingers took occupancy in 1997, Venus had no claim for indemnifica
 
 *1288
 
 tion because it had neither been sued nor east in judgment. Venus’ indemnity right was conditional because it depended on the Ebingers’ action; it was contingent because it depended on the outcome of that principal demand. Although cracks in the Ebingers’ brick veneer may have established a cause of action for the homeowners, it did not create a cause of action for Venus’ third-party claim because that action depends on the Ebingers seeking judicial enforcement of their claim. Until Venus has been cast in judgment, it has not suffered damages that can be recovered from Post-Tension through indemnity because liability has not been established. Therefore, Venus’ indemnification right was conditional and incomplete when the Ebingers filed suit against the company. For these reasons, we find Venus’ right to indemnification was not vested when the 2008 amendment to La. R.S. 9:2772 became effective. Therefore, the five-year peremptive period established by the amendment applies to this matter, and Venus’ third-party demand against Post-Tension is perempted.
 

 | ^CONCLUSION
 

 La. R.S. 9:2772, which established a five-year peremptive period for actions involving construction defects, became effective on August 15, 2003. More than three years later, Venus Construction Corporation filed a third-party demand seeking indemnification from Post-Tension Slabs, Inc. Because the peremptive period began when the Ebingers occupied the residence in 1997, Venus’ claim was perempted before its cause of action arose. Accordingly, the court of appeal’s ruling is reversed, and the judgment of the trial court is reinstated.
 

 REVERSED.
 

 [1]
 

 . The statute provides, in pertinent part:
 

 No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architéct intern, or agent as defined in R.S. 37:141, or professional interi- or designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from ... the date of registry in the mortgage office of acceptance of the work by owner.
 

 [2]
 

 . Paragraph A provides, in pertinent part:
 

 No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9) ...
 

 [3]
 

 . Interpreting the statute at issue in this matter, La. R.S. 9:2772, the courts of appeal reached different results in
 
 Ebinger II, supra,
 
 and
 
 Metairie III v. Poche’ Constr., Inc.,
 
 2010-0353 (La.App. 4 Cir. 9/29/10), 49 So.3d 446. A discussion of this conflict follows,
 
 infra.
 

 [4]
 

 . Art. 2315 provides, in pertinent part: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” Art. 2298 provides, in pertinent part: "A person who has been enriched without cause at the expense of another person is bound to compensate that person.”