NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-751

JAMES T. PATTERSON, ET UX.

VERSUS

DILLARD EUGENE BRAZZEL, ET UX.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 234,994
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

Fred Andrew Pharis
Pharis & Pharis
831 DeSoto Street
Alexandria, LA 71301
(318) 445-8266
Counsel for Plaintiffs/Appellees:
Melanie Patterson
James T. Patterson

**Stephen Nolan Elliott**
**Michael Robertson**
**Bernard, Cassisa, Elliott & Davis**
**P. O. Box 54490**
**Metairie, LA 70055-5490**
**(504) 834-2612**
**Counsel for Defendant/Appellee:**
**Malcolm Burns**

**Brian David Smith**
**Jason Michael Nash**
**Ungarino & Eckert, L.L.C.**
**910 Pierremont Rd, Ste 351**
**Shreveport, LA 71106**
**(318) 866-9596**
**Counsel for Defendant/Appellee:**
**Catlin Specialty Insurance Company**

**Douglas William Truxillo**
**Onebane Law Firm**
**P. O. Drawer 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**Counsel for Defendant/Appellee:**
**Gemini Insurance Company**

**Matthew John Ungarino**
**Ungarino & Eckert, LLC**
**3850 N. Causeway Blvd., #1280**
**Metairie, LA 70002**
**(504) 836-7565**
**Counsel for Defendant/Appellee:**
**Catlin Specialty Insurance Company**

**Mark E. Seamster**
**James Anthony Prather**
**Galloway, Johnson, Tomplins, Burr, and Smith**
**3 Sanctuary Blvd., Suite 301**
**Mandeville, LA 70471**
**(985) 674-6680**
**Counsel for Defendant/Appellee:**
**American Vehicle Insurance Company**

**Christopher Shannon Hardy**
**Penny & Hardy**
**P. O. Box 2187**
**Lafayette, LA 70502-2187**
**(337) 231-1955**
**Counsel for Defendant/Appellee:**
**Allstate Insurance Company**

**Michael Scott Futrell**
**Connick and Connick, LLC**
**2551 Metairie Road**
**Metairie, LA 70001**
**(504) 838-8777**
**Counsel for Defendant/Appellee:**
**Scottsdale Insurance Company**

**Ethan N. Penn**
**Brent J. Carbo**
**Musgrave, McLachlan & Penn**
**1515 Poydras St., #2380**
**New Orleans, LA 70112**
**(504) 799-4300**
**Counsel for Defendants/Appellees:**
**Foundation Specialists, Inc.**
**Arthur M. "Doc" Hopkins**

**Koby D. Boyett**
**P. O. Box 12746**
**Alexandria, LA 71315**
**(318) 481-2242**
**Counsel for Defendants/Appellants:**
**Dillard Eugene Brazzel**
**Kayla Sparks Brazzel**

**G. W. Rudick, II**
**Onebane Law Firm**
**1200 Camellia Blvd., Suite 300**
**Lafayette, LA 70508**
**(337) 237-2660**
**Counsel for Defendant/Appellee:**
**Gemini Insurance Company**

**EZELL, Judge.**

Kayla and Dillard Brazzel appeal the trial court's granting of an exception of peremption which dismissed all claims against Foundation Specialists, Inc. and Arthur Miller Hopkins. For the following reasons, we affirm.

**FACTS**

Melanie and James Patterson filed suit against the Brazzels on May 12, 2009, alleging defects in the home they purchased from the Brazzels on May 14, 2008. They specifically claim that foundation failure caused damage to the concrete slab and exterior bricks, in addition to interior damage to floors, walls, and ceilings. By an amending petition, they also named as defendants the builder of the home, Malcolm Burns d/b/a Burns Builders; the installer of the post-tension monolithic concrete slab, Foundations Specialists, Inc. and its employee, Arthur M. "Doc" Hopkins; and the designer of the slab, Robert D. Lee and Robert D. Lee Consulting Engineers, Inc.

The Brazzels filed a cross-claim against the other defendants for contribution and/or indemnity. On February 14, 2011, Foundations Specialists and Mr. Hopkins filed an exception of peremption alleging that all claims against them were barred by peremption under La.R.S. 9:2772. On March 14, 2011, a hearing on the exception was held. The trial court granted the exception of peremption, and judgment was signed on March 25, 2011. The Brazzels appealed the granting of the exception of peremption.

**PEREMPTION**

The Brazzels claim that the trial court erred in failing to properly interpret and apply La.R.S. 9:2772 to their cross-claims for contribution and indemnity against Foundation Specialists and Mr. Hopkins by applying a 2003 amendment to La.R.S. 9:2772, which provides for a five-year preemptive period. The Brazzels argue that they have vested indemnity rights which are not perempted because La.R.S. 9:2772 provided for a seven-year peremptive period prior to the 2003 amendment. The

Brazzels occupied their home in September 2002. They filed their cross-claims on July 15, 2009. They argue their cross-claims were within the seven-year time period.

The supreme court recently addressed this issue in *Ebinger v. Venus Const. Corp.*, 10-2516 (La. 7/1/11), 65 So.3d 1279. The issue before the court was whether a construction company's third-party demand against a subcontractor was time-barred by the application of the peremptive period in La.R.S. 9:2772.

In addressing the issue, the supreme court noted that the peremptive period in La.R.S. 9:2772 was shortened twice. Originally, when enacted in 1964, the peremptive period was ten years. In 1999, La.R.S. 9:2772 was amended to shorten the period to seven years. Finally, in 2003, the time period in La.R.S. 9:2772 was shortened to five years.

In determining which peremptive period applied, the supreme court observed that Section 2 of Acts 1999, No. 1024 stated: "'The provisions of this Act shall have prospective application only and shall apply to contracts entered into on or after the effective date of this Act.'" *Ebinger*, 65 So.3d at 1284. The 2003 amendment did not contain this language. The supreme court reasoned that the legislature could have included the same language in the 2003 Act if it intended for the Act to apply only to contracts entered into after its effective date.

The supreme court next addressed the issue of whether the right to indemnity vested before the 2003 amendment became effective. The supreme court recognized that "[i]demnity is a separate substantive cause of action, independent of the underlying wrong." *Id.* at 1286 (citing *Nassif v. Sunrise Homes, Inc.*, 98-3193 (La. 6/29/99), 739 So.2d 183). The supreme court also acknowledged that "[a] vested right must be absolute, complete and unconditional, independent of a contingency." *Id.* at 1287 (citing *Sawicki v. K/S Stavanger Prince*, 01-528 (La. 12/7/01), 802 So.2d 598). The supreme then held that the construction company had no claim for indemnification because it had neither been sued nor cast in judgment prior to the

2

effective date of the 2003 amendment. Therefore, the five-year peremptive period was applicable. In *Ebinger*, 65 So.3d 1279, the five-year peremptive period began to run when the homeowners occupied the residence in 1997, so that the construction company's claim was perempted before its cause of action arose.

In the present case, Foundation Specialists and Mr. Hopkins were not sued until well after the effective date of the 2003 amendment. Therefore, the five-year peremptive period is applicable to them. The Brazzels occupied the home in September 2002, so that their claim against Foundation Specialists and Mr. Hopkins was perempted in September 2007, well before the original suit was filed in 2009.

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal assessed to Kayla and Dillard Brazzel.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.