HIGGINBOTHAM, J.
This dispute concerns whether a construction company's contractual claim for indemnity via a third-party demand against a subcontractor is perempted.
BACKGROUND
In May 2005, Nottingham Construction Company, L.L.C. (subsequently known as NCMC, L.L.C., but referred to herein as "Nottingham"), entered into a contract with the City of Hammond, Louisiana, as the general contractor for the construction of the North Plant Lift Station Improvements project ("the Project"). In November 2005, Nottingham entered into a subcontract with Professional Construction *300 Services, Inc. (subsequently known as Cycle Marine Group, Inc., but referred to herein as "PCS"), to drive and remove sheet piles used to construct a cofferdam (a shoring system engineered to withstand underground forces) that allowed Nottingham to perform below ground work on the Project. The subcontract agreement between Nottingham and PCS outlined the terms under which PCS was to construct the cofferdam with sheet piles furnished by Nottingham.
Nottingham rented the sheet piles from J.D. Fields & Company, Inc. ("Fields"). When the sheet piles were returned after the cofferdam was complete, Fields claimed that the sheet piles were damaged. Nottingham denied that any damage to the sheet piles occurred on the Project and refused to pay Fields for the claimed damage. Meanwhile, the City of Hammond accepted the work that was performed on the Project on December 19, 2006. The acceptance was registered in the mortgage records on December 20, 2006.
Fields submitted a final invoice to Nottingham for an alleged balance of $56,785.73 for damage to the sheet piles. Nottingham claimed that PCS damaged the pilings and refused to pay. Fields subsequently filed a lawsuit on October 10, 2007, on open account and for damages in the 19th Judicial District Court (19th JDC) against Nottingham and its alleged successor, Wharton-Smith, Inc., and for negligence against PCS. Nottingham filed a third-party demand against PCS, but that claim was dismissed without prejudice when PCS filed a dilatory exception raising the objection of prematurity, alleging that Nottingham was not owed indemnity until a judgment in favor of Fields was rendered and that Nottingham was thus compelled by judgment to pay Fields. Additionally, Fields' claim against PCS was dismissed on PCS's motion for summary judgment, and that judgment is now final. Fields' 19th JDC lawsuit was subsequently dismissed as abandoned on June 21, 2012. Consequently, none of the claims raised in the 19th JDC lawsuit are at issue in this appeal.
Fields filed another petition on open account and for damages on August 6, 2012, asserting the same claims in the 21st Judicial District Court ("21st JDC"). On August 10, 2016, Nottingham filed a third-party demand against PCS in the 21st JDC, alleging again that PCS owes a defense and indemnity to Nottingham for all litigation costs and expenses incurred, pursuant to the subcontract between Nottingham and PCS. In response to the third-party demand, PCS filed a peremptory exception raising the objection of peremption. PCS argued that Nottingham's third-party claims against PCS were perempted pursuant to La. R.S. 9:2772, which establishes a five-year peremptory period beginning on the date of recordation of acceptance of the work by the owner of the Project, against persons performing the construction of an immovable or improvement to immovable property. After a hearing on PCS's exception of peremption, the trial court granted the exception and dismissed all of Nottingham's claims against PCS on April 26, 2017. Nottingham appeals, maintaining that its indemnity claim against PCS is not perempted.
LAW AND ANALYSIS
Nottingham's third-party demand against PCS is based on the longstanding principle that a party whose liability results from the fault of others may recover by way of indemnity. Ebinger v. Venus Const. Corp., 2010-2516 (La. 7/1/11), 65 So.3d 1279, 1283. However, the right to indemnity is not absolute; it may be modified by prescriptive or peremptive periods. Id. While Nottingham's right to *301 indemnification from PCS is clearly established by the subcontract, Nottingham and PCS disagree as to what statute governs the peremptive or prescriptive period for the indemnification claim. Nottingham asserts that the ten-year prescriptive period for a personal action brought pursuant to a contract applies in this case, according to La. Civ. Code art. 3499, and further, the prescriptive period was interrupted when it first asserted its indemnity claim against PCS in the 19th JDC lawsuit. Conversely, PCS maintains that the proper time period is the five-year peremptive period found in La. R.S. 9:2772, for any action, including a third-party demand, to recover under a contract arising out of an engagement to construct immovable property.
The trial court determined that Nottingham's indemnity claim against PCS had perempted according to La. R.S. 9:2772. The trial court's ruling on peremption raises a legal question, which we review de novo to determine if the trial court was legally correct. See Peck v. Richmar Const., Inc., 2013-1170 (La. App. 1st Cir. 2/26/14), 144 So.3d 1042, 1045, writ denied, 2014-0830 (La. 6/20/14), 141 So.3d 810. As an initial matter, we are mindful of the difference between prescription and peremption. Peremption differs from prescription in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period. Naghi v. Brener, 2008-2527 (La. 6/26/09), 17 So.3d 919, 926.
Also, we note that indemnity is a separate cause of action that is independent of the underlying cause of action. Nassif v. Sunrise Homes, Inc., 98-3193 (La. 6/29/99), 739 So.2d 183, 186. Unless and until Nottingham is cast in judgment, it has discharged no liability for which it may seek reimbursement from PCS. See Ebinger, 65 So.3d at 1286. In other words, liability on a third-party demand is contingent upon the result of the main demand. Id. at 1287. Nevertheless, because the five-year peremptive period in La. R.S. 9:2772 applies to all actions, including third-party demands that involve recovery on a contract arising out of an engagement to construct immovable property, such as the subcontract at issue, by the distinct terms of the statute, Nottingham's third-party demand against PCS clearly falls within the purview of this statute and the claim is perempted.[1] The fact that Nottingham's claim against PCS is also premature does not prevent the claim from being *302 perempted. See Ebinger, 65 So.3d at 1286. See also Peck, 144 So.3d at 1049 ("peremption tolls regardless of when a cause of action for indemnity arises").
Nottingham filed its third-party demand on August 10, 2016, which is well past the five years after the City of Hammond registered acceptance of the Project in the mortgage records on December 20, 2006. Thus, Nottingham's third-party demand against PCS is time-barred, and because the period is peremptive, it cannot be renounced, interrupted, or suspended. See La. Civ. Code art. 3461 ; Burkart v. Williamson, 2009-0294 (La. App. 1st Cir. 11/13/09), 29 So.3d 635, 639. Accordingly, we find no error in the trial court's judgment dismissing Nottingham's claim against PCS with prejudice.
CONCLUSION
For the assigned reasons, the trial court's judgment maintaining the peremptory exception raising the objection of peremption and dismissing Nottingham's third-party demand against PCS is affirmed. All costs of this appeal are assessed to third-party plaintiff/appellant, Nottingham Construction Company, L.L.C., now known as NCMC, L.L.C.
AFFIRMED.
Holdrige J. concurs w/ reasons
HOLDRIDGE, J., concurs.
I concur in the result. The third-party demand filed by Nottingham Construction Company, LLC, against Professional Construction Services, Inc., should be dismissed because the original demand of J.D. Fields & Company, Inc., is also perempted by La. R.S. 9:2772 and therefore its cause of action against Nottingham Construction Company, LLC, no longer exists. If the sheet piles were damaged by the action of Professional Construction Services, Inc., in the construction of the cofferdam as a part of the project, either both actions (J.D. Fields & Company, Inc. v. Nottingham Construction Company, LLC, and Nottingham Construction Company, LLC, v. Professional Construction Services, Inc.) are perempted or both actions are not controlled by La. R.S. 9:2772.

Louisiana Revised Statute 9:2772 provides in pertinent part:
A. ... no action, whether ex contractu, ex delicto, or otherwise, including ... to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property ... shall be brought against ... any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property ...:
(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
* * *
B. (1) The causes which are perempted within the time described above include any action:
* * *
(b) For damage to property, movable or immovable, arising out of any such deficiency.
* * *
(3) ... this peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.