BYRNES, Judge.
This is an appeal from a judgment granting appellant J.A. Jones Construction Co.’s peremptory exception of preemption against the architectural firm of Nolan, Holcombe & Apatini. We reverse. The rather complex facts, of the case are as follows:
On April 9, 1981, Henry L. Klein was injured while opening a glass door at the St. Charles Avenue branch of the First National Bank of Commerce (FNBC). On July 27, 1981, Klein sued Louise & Lang Allen, the owners of the building. On September 24, 1981, the Allens filed a third party demand against FNBC, alleging that FNBC as the tenant of the building, was responsible for Mr. Klein’s damages. On April 8, 1982, FNBC filed a third party demand against J.A. Jones Construction Co. (Jones), City Glass & Mirror Co. Inc. (City Glass), and Kawneer Amax Inc. (Kaw-neer). The door which injured Mr. Klein had been installed in 1971 as part of a renovation of the building by FNBC. Jones had been the general contractor in that renovation, City Glass the glazing subcontractor and Kawneer the designer and manufacturer of the door itself.
On June 30, 1984, Jones filed a third party demand against Nolan, Holcombe & Apatin (Nolan), the architects who provided the plans and specifications for the renovation. Jones also third partied City Glass and Kawneer who in turn third partied all other defendants and third party defendants. The original plaintiff, Mr. Klein, amended his petition on October 8, 1982 to name Jones, City Glass and Kawneer as direct defendants.
All third party demands, with the exception of that of FNBC against Jones, were dismissed on peremptory exceptions of preemption, as was Mr. Klein’s direct demand against Jones, City Glass, and Kawneer. Jones has appealed the dismissal of its third party demand against Nolan.
*226 R.S. 9:2772 establishes a ten year preemptive period in which all claims for damages arising out of deficiencies in the surveying, design, supervision or construction of immoveables or improvements to immovables must be made. Under sec. A.(l) of the statute, the preemptive period begins to run on the, date a certificate, showing acceptance of the work by the owner, is registered in the mortgage office of the Parish where the work was performed. In this case, acceptance was registered on June 30, 1971, and the preemptive period would therefore have run on June 30, 1981. However, Section (C) of R.S. 9:2772 provides that if a deficiency in the design or construction of an immoveable or an improvement thereto, causes injury to person or property or a wrongful death during the 9th year of the preemptive period, ah action to recover damages for those injuries may be brought within one year of the injury, but in no event more than 11 years after the commencement of the preemptive period.
In this case, the injury occurred on April 8, 1981. Under R.S. 9:2772(C), the preemptive period was extended to April 8, 1982. The plaintiffs original suit against the owners of the building was filed on July 27, 1981 within one year of the injury. That suit was therefore timely. The owner’s third party demand against FNBC was also timely. Neither of these claims raised the issue of preemption. When FNBC third partied Jones, preemption became an issue because Jones was a party covered by R.S. 9:2772. The third party demand of FNBC was filed more than ten years from the time the acceptance of Jone’s work was registered in the mortgage office. The validity of that demand depended on whether FNBC was entitled to the benefits of R.S. 9:2772(C).
We have concluded that the extension granted by that section applied to all claims, including FNBC’s third party demand against Jones. To hold otherwise would unjustly deprive FNBC of its right to seek indemnification should it be found liable for Mr. Klein’s injuries. If R.S. 9:2772(C) extends the period in which claims for damages can be made, it must also extend the period in which demands for contribution or indemnity arising out of such claims can be made. See Orleans Parish School Board v. Pittman, 372 So.2d 717 (La.App. 4th Cir.1979). FNBC did not seek to assert preemption as a defense to the claim against it; that is forbidden by R.S. 9:2772(E). What FNBC sought was indemnification for its potential liability.
FNBC’s third party demand against Jones was filed on April 8, 1982, the last possible day on which a claim could be asserted under R.S. 9:2772(C). Jones’ third party demand against Nolan was filed on June 30, 1982, within ninety days of FNBC’s demand. C.C.P. Art. 1067 provides:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Under this article Jones’ claim against Nolan was timely; it was not barred at the time FNBC’s demand on Jones was made because of R.S. 9:2772(C), and it was filed within ninety days of service of FNBC’s demand. The trial judge erred when he dismissed this claim. The judgment is therefore reversed, and the third party demand of Jones against Nolan is hereby reinstated.
All costs of this appeal are to be divided equally by the parties.
REVERSED