PETTIGREW, J.
|sThis suit was filed by homeowners Robert Peck, Jr. and Misty B. Peck against general contractor Richmar Construction, Inc. (Richmar) for alleged defects in the slab and foundation of their home under the New Home Warranty Act, La. R.S. 9:8141 et seq. Richmar filed a third party demand against two of its subcontractors, together with their respective insurers. The trial court granted a peremptory exception raising the objection of peremption, finding that the claims against the third party defendants are perempted pursuant to La. R.S. 9:2772. Richmar has appealed the grant of the peremptory exception and the trial court’s dismissal of the third party claims. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
In July 2006, Robert Peek, Jr. and Misty B. Peck (hereinafter collectively referred to as the Pecks) contracted with Richmar for the construction of their new home in Ascension Parish. Richmar completed the home on or about April 4, 2007, on which date a certificate of occupancy was issued for the Pecks’ new home. Sometime thereafter, the Pecks noticed that the home’s slab was allegedly uneven, causing damage to the foundation systems and footing, wall and partitions, flooring systems, columns, lintels, girders, beams, and roof. On April 3, 2012, the Pecks filed suit against Richmar under the New Home Warranty Act, alleging defects in the home’s construction.[1] On May 4, 2012, LRichmar was served with the Pecks’ petition. On July 12, 2012, within ninety days of service, Richmar answered the Pecks’ lawsuit and filed a third party demand against two subcontractors that performed work relative to the foundation and framing of the home, namely, Glynn Construction Group, LLC (Glynn Construction) and Boudreaux Contractors, LLC (Boudreaux Contractors). Navigators Specialty Insurance Group (Navigators) and American Empire Surplus Lines Insurance Company (American Empire), the liability insurers of Glynn Construction, as well as Catlin Specialty Insurance Company (Catlin), the liability insurer of Boudreaux Contractors, were also named by Richmar as third party defendants.
*1044 Glynn Construction and Navigators responded to the third party demand by filing a peremptory exception raising the objection of peremption, which was subsequently joined and adopted by Boudreaux Contractors, Catlin, and American Empire. Specifically, the third party defendants alleged that Richmar’s claims against the subcontractors were perempted by La. R.S. 9:2772, which deals with actions to recover damages arising out of the survey, design, supervision, or construction of im-movables. Under the statute, there is a five-year peremptive period for claims for contribution or indemnity. La. R.S. 9:2772(A). The peremptive period begins to run on the date of recorded acceptance of work by the owner or, if no such acceptance is recorded, from the date of occupancy by the owner. La. R.S. 9:2772(A)(l)(a) and (b). The statute states that this peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person. La. R.S. 9:2772(B)(3). In support of the exception of peremption, the third party defendants argued that peremption began to run on April 4, 2007, the date the certificate of occupancy was issued. Pursuant to subparagraph (B)(3), the third party defendants further argued that the five-year peremptive period applies to all claims, including Richmar’s third party demand, and lapsed on April 4, 2012. Since Richmar’s third party demand was not filed until July 12, 2012, the third party defendants averred that the indemnity claims asserted by Riehmar were perempt-ed. Richmar opposed the exceptions, arguing that the general provision of La. C.C.P. art. 1067 affords a grace ] ¿period for incidental demands filed within ninety days of service of the main demand and applies to claims filed under La. R.S. 9:2772.[2]
The trial court considered the matter at a hearing on February 22, 2013. After hearing arguments, the trial court opined that La R.S. 9:2772 establishes a clear five-year peremptive period, which tolled on April 4, 2012. Pursuant to La, C.C. art. 3461, the trial court noted that a peremp-tive period cannot be interrupted or suspended.[3] Thus, the trial court reasoned that the Pecks’ original suit against Rich-mar had no bearing on the third party claims against Glynn Construction, Bou-dreaux Contractors, and their insurers. As such, the trial court ruled that the claims against the subcontractors were perempted at the time the third party demand was filed on July 12, 2012. In granting the exception of peremption, the trial court specifically declined to apply La. C.C.P. art. 1067 to this suit under La. R.S. 9:2772. The trial court signed an original judgment on April 3, 2013, and an amended judgment on August 11, 2013, granting the third party defendants’ exception of peremption and dismissing with prejudice the claims against those parties.[4] *1045 Richmar has taken a devolutive appeal from that judgment.
STANDARD OF REVIEW
The timeline of relevant events as outlined herein is not in dispute. The doctrine of manifest error, therefore, does not apply to this court’s review of the trial court’s decision. Ristroph v. La. Pub. Facilities Autk, 2006-1669, p. 5 (La.App. 1 Cir. 9/14/06), 943 So.2d 492, 494. Rather, this case involves the legal question of whether the trial court erred in finding that La. C.C.P. art. 1067 does not apply to claims arising under La. R.S. | fi9:2772. Legal questions are reviewed utilizing the de novo standard of review. Cleco Evangeline, LLC v. La. Tax Comm’n, 2001-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353; Cange-losi v. Allstate Ins. Co., 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375. Accordingly, we will conduct a de novo review of the record to determine if the trial court was legally correct in granting the third party defendants’ exception raising the objection of peremption.
CONTROLLING LAW
This suit involves application of La. R.S. 9:2772 to claims arising under the New Home Warranty Act, La. R.S. 9:3141 et seq. At the time the underlying lawsuit and the third party demand were filed, La. R.S. 9:2772 provided, in pertinent part:
A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):
(l)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner, (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.
B. (1) The causes which are perempted within the time described above include any action:
(a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).
Ji- • • •
(3) This peremptive period shall extend to every demand, whether brought by direct action or for contri- *1046 button or indemnity or by third-party practice, and whether brought by the owner or by any other person.
(Emphasis added.) Pursuant to Acts 2012, No. 762, § 1, effective August 1, 2012, the legislature has subsequently amended the statute. Act No. 762 added subparagraph (A)(1)(c), which now provides:
If, within ninety days of the expiration of the five-year peremptive period described in Subparagraph (a) of this Paragraph, a claim is brought against any person or entity included within the provisions of this Subsection, then such person or entity shall have ninety days from the date of service of the main demand or, in the case of a third-party defendant, within ninety days from service of process of the third party demand, to file a claim for contribution, indemnity or a third-party claim against any other party.
The amendment mirrors the language of La. C.C.P. art. 1067 and provides a ninety-day grace period for the filing of claims for indemnity or contribution.
Given the recent statutory amendment, the question that arises herein is whether the version of La. R.S. 9:2772 in effect prior to August 2012, should be read in conjunction with La. C.C.P. art. 1067. If not, the question then becomes whether a claim for contribution or indemnity can be perempted before the cause of action arises.
DISCUSSION AND ANALYSIS
On appeal, Richmar argues that the trial court erred in refusing to apply La. C.C.P. art. 1067 to claims arising under La. R.S. 9:2772. Citing La. C.C. art. 13, Richmar asserts that both La. C.C.P. art. 1067 and La. R.S. 9:2772 deal with peremption and should be read in conjunction with each other.[5] In effect, Richmar avers that La. C.C.P. art. 1067 was intended as an exemption to other statutory provisions, such as the five-year peremptive period of La. R.S. 9:2772. Where two statutes deal with the same subject matter, Richmar submits that they should be harmonized whenever possible and not be read in mutual exclusivity.
lain support of this argument, Richmar points out that La, R.S. 9:2772 was amended by Acts 2012, No. 762, § 1, effective August 1, 2012. Insofar as La. R.S. 9:2772(A)(l)(c) now incorporates the same grace period for the filing of incidental demands as contained in La. C.C.P. art. 1067, Richmar argues that it was always the intent: of the legislature for the two statutes to be read in conjunction with one another. The most recent amendment to La. R.S. 9:2772, Richmar submits, was merely a statement of clarification by the legislature.
Considering Richmar’s arguments, we turn to the rules on statutory construction. The general rule is that a specific statute controls over a broader, more general statute. Burge v. State, 2010-2229, p, 5 (La.2/11/11), 54 So.3d 1110, 1113. It is a fundamental rule that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. State v. Campbell, 2003-3035, p. 8 (La.7/6/04), 877 So.2d 112, 118. Also, there is a presumption that those who enact statutory provisions act deliberately and with full knowledge of existing laws on the same subject, with knowledge of the effect of their act and a *1047 purpose in view. Toomy v. La. State Employees’ Retirement Sys., 2010-1072, p. 5 (La.App. 1 Cir. 3/25/11), 68 So.Sd 198, 202.
Louisiana R.S. 9:2772 specifically provides a peremptive period for actions involving deficiencies in the survey, design, supervision, or construction of immovables or improvements thereon. Subparagraph (B)(3) expressly provides that the five-year peremptive period shall extend to “every demand, whether brought by direct action or for contribution or indemnity or by third-party practice.” Louisiana C.C.P. art. 1067, by contrast, is a generalized statute intended to apply to incidental demands not otherwise specifically addressed under the Code of Civil Procedure or Louisiana Revised Statutes. There is no statement in La. R.S. 9:2772, as effective prior to August 1, 2012, that the legislature intended to incorporate the provisions of La. C.C.P. art. 1067.
Indeed, if La. C.C.P. art. 1067 already applied to claims brought under La. R.S. 9:2772, there would have been no need for the amendment of the statute to add l9subparagraph (A)(1)(c). A review of the legislative history of Act 2012, No. 762, negates Richmar’s contention that the 2012 statutory enactment of La. R.S. 9:2772(A)(l)(c) was a mere remedial measure intended to clarify or interpret the existing law. The Resume Digest for Senate Bill 258, which was subsequently signed by the Governor and became Act 2012, No. 762, states, in relevant part, as fallows:
Prior law provided that a five-year per-emptive period extends to every demand arising under the prior law, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.
New law adds an exception that if, within 90 days of the five-year peremp-tive period, a claim is brought against any person or entity included in the prior law, then that person or entity has 90 days from date of service of the main demand, or in the case of a third-party defendant, 90 days from service of the third-party demand, to file a claim for contribution, indemnity or a third-party claim against any other party.
(Emphasis added.) Resume Digest, S.B. 258, 2012 Reg. Sess. (La. 2012). The stated intent of the amendment was to add an exception so as to allow a person sued within the peremptive period an extra ninety days to assert a third party demand against any other party. In that context, it is clear that the legislature set out to change the law so as to create a new exception to the five-year peremptive period under La. R.S, 9:2772.
Applying the well-established rules of statutory construction in this case involving claims for the defective construction of a home, we find that La. R.S. 9:2772 controls over the more generalized rule provided in La. C.C.P, art. 1067. We find no error in the trial court’s determination that C.C.P. art. 1067 does not apply to the third party indemnity claims asserted by Rich-mar. Turning then to the statutory mandates of La. R.S. 9:277.2, It is clear that the five-year peremptive period began to run on April 4, 2007, upon issuance of a certificate of occupancy to the Pecks. The Pecks filed suit against Richmar on April 3, 2012, one day before the peremptive period expired. Richmar did not, however, file its third party demand against Glynn Construction, Boudreaux Contractors, and their respective liability insurers until July 12, 2012, well after the lapse of the peremptive period. The question then becomes whether the timely filing of suit against Richmar had any effect on the toll of peremption as to the third party defen *1048 dants or whether the third party demand is time barred under La. R.S. 9:2772,
| inThe Louisiana Supreme Court recently considered exactly this issue in the case of Ebinger v. Venus Constr. Corp., 2010-2516 (La.7/1/11), 65 So.3d 1279. In Ebinger, the homeowners contracted with Venus Construction Corporation in 1995, to build their new home. Construction was completed, and the plaintiffs moved into their residence in 1997, obtaining a certificate of occupancy on April 22, 1997. On October 9, 2003, the homeowners brought an action against Venus under the New Home Warranty Act, alleging that defects in the home’s foundation had caused cracks in the drywall, tile, brick walls, and floor. On September 22, 2006, Venus filed a third party demand seeking indemnification from Post-Tension Slabs, the subcontractor that supplied the foundation. Post-Tension filed an exception of prescription based on La. R.S. 9:2772, which was granted by the trial court.[6] On appeal/the Third Circuit reversed, reasoning that La. R.S. 9:2772(B)(3) states that the peremp-tive period shall apply to every demand, whether brought by direct action or for contribution or indemnity. The court of appeal found that the peremptive period began to toll upon issuance of the certifí-cate of occupancy and that the claim for indemnity against Post-Tension became a vested right at that time. Therefore, the court of appeal concluded that the ten-year peremptive period contained in the 1997 version of La, R.S. 9:2772 applied, and because Venus’s claim against Post-Tension was filed nine years after the peremp-tive period began, it was not perempted.[7]
The Louisiana Supreme Court granted certiorari in Ebinger to review the correctness of the appellate court’s decision. Upon review, the Court determined that the peremptive period commenced upon the issuance of a certificate of occupancy on April 22, 1997. Ebinger, 2010-2516 at 5, 65 So.3d at 1284. Applying the 2003 version of La. |nR.S. 9:2772, which adopted a five-year peremptive period, the Court then turned to the issue of whether Venus’s right to indemnity vested before that amendment became effective. Venus argued that the right to indemnity against Post-Tension vested as soon as the alleged damage manifested itself and, therefore, that the 2003 amendment disturbed its vested indemnification right. The Court, however, rejected this argument. The Court distinguished between prescription and peremption, explaining that peremption is unique in two respects: (1) the expiration of the peremptive time period destroys the cause of action itself; and (2) nothing may interfere with the running of a peremptive time period. Ebinger, 2010-2516 at 9, 65 So.3d at 1286, citing Naghi v. Brener, 2008-2527 (La.6/26/09), 17 So.3d 919, 926. In addition, the Court noted the *1049 difference between the commencement of peremption and the accrual of a cause of action. Id. The Court explained that liability on a third party demand is contingent upon the result of the main demand and, therefore, Venus’s indemnification right was conditional and incomplete when the homeowners filed the main demand. Ebinger, 2010-2516 at 10-12, 65 So.3d at 1287-1288. For those reasons, the Court concluded that Venus’s right to indemnification was not vested when the 2003 amendment to La. R.S. 9:2772 became effective. Therefore, the Court held that the five-year peremptive period applied in that matter and that Venus’s third party demand against Post-Tension was per-empted before its cause of action arose.[8] Ebinger, 2010-2516 at 13, 65 So.3d at 1288.
Following the Louisiana Supreme Court’s decision in Ebinger, we are left with a unique situation where a claim for indemnity may be perempted before the cause of action arises. This is the scenario we have in the case at hand. The parties ail agree that the five-year peremptive period began to run on April 4, 2007, upon the issuance of a certificate of occupancy. The Pecks filed suit against Richmar on April 3, 2012, one day |12before the per-emptive period expired. Richmar did not file the third party demand against Glynn Construction, Boudreaux Contractors, and their various insurers until July 12, 2012, some three months after the peremptive period expired, We are mindful that Rich-mar could not have sought indemnity until it was served with suit on May 4, 2012, which occurred after the peremptive period had already lapsed. However, La. C.C. art. 3461 is clear that peremption may not be interrupted or suspended, and the net effect under Ebinger is that peremption tolls regardless of when a cause of action for indemnity arises. In light of Ebinger, we are constrained to hold that Richmar’s third party demand was perempted.[9]
In reaching this conclusion, we caution that our holding is limited to the narrow facts of this case and the timeline of relevant events herein, all of which transpired prior to the amendment of La. R.S. 9:2772, effective August 1, 2012. It appears that the legislature’s addition of La. R.S. 9:2772(A)(l)(c) was intended to avoid the result reached in Ebinger in cases which arise in the future. Louisiana Revised Statute 9:2772(A)(l)(c) now affords a defendant a period of ninety days from service of process to file a claim for contribution or indemnity. However, the amended *1050 version of the statute does not apply herein, and it is incumbent upon us to follow the Louisiana Supreme Court’s decision in Ebinger v. Venus Constr. Corp., 65 So.3d 1279.[10]
| ^CONCLUSION
For the reasons set forth above, we affirm the judgment of the trial court, which granted the third party defendants exception of peremption and dismissed Richmar Construction, Inc.’s third party demand against Glynn Construction, LLC, Navigators Specialty Insurance Company, American Empire Surplus Lines Insurance Company, Boudreaux Contractors, LLC, and Catlin Specialty Insurance Company with prejudice. Costs of this appeal are assessed against the appellant, Richmar Construction, Inc.
AFFIRMED.
McCLENDON, J., dissents and assigns reasons.

. The New Home Warranty Act, La. R.S. 9:3141 et seq., provides warranties for the occupants and purchasers of new homes in Louisiana. Louisiana Revised Statute 9:3144 sets forth specific warranty periods, as follows:
A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
(1)One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards,
(2) Two years following the warranty commencement date, the plumbing, electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.

.Louisiana Code of Civil Procedure Article 1067 states:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.

. Louisiana Civil Code Article 3461 provides that "[p]eremption may not be renounced, interrupted, or suspended.”

. The original judgment lacked appropriate decretal language disposing of and/or dismissing the third party incidental demands. Following a rule to show cause by this court, an amended judgment which complies with La. C.C.P. arts.1911 and 1918 was issued by the trial court.

. Louisiana Civil Code Article 13 provides that "[flaws on the same subject matter must be interpreted in reference to each other.”

. Although the opinion in Ebinger states that Post-Tension filed an exception of prescription, we note that La. R.S. 9:2772 is a per-emptive statute. As more fully discussed herein, the Court in Ebinger recognized, and we agree, that there is a fundamental distinction between prescription and peremption.

. In Ebinger, the Louisiana Supreme Court was faced with two statutory amendments which shortened the peremptive period prescribed by La. R.S. 9:2772. Prior to 1999, the statute provided a ten-year prescriptive period. Acts 1999, No. 1024, § 1 substituted "seven” for "ten” years in subsection (A)(1)(a). Subsequently, Acts 2003, No. 919, § 1 substituted "five” for "seven” years in subsection (A)(1)(a). Since the 1999 and 2003 statutory amendments became effective prior to the filing of suit in Ebinger, the Court had to consider which peremptive period applied. The applicable peremptive period is not an issue in this case, as it is clear under the law in effect subsequent to 2003 and undisputed amongst the parties herein that the applicable peremptive period is five years.

. Richmar has attempted to distinguish. Ebinger on the grounds that Venus did not bring the incidental demand against Post-Tension within ninety days service of the main demand. Further, the main demand in that case was filed outside the five-year per-emptive period provided by La. R.S. 9:2772. Thus, Richmar argues that La. C.C.P. art. 1067 was inapplicable and was not considered by the Court in that instance. It is our belief, however, that Ebinger is on point as a direct statement of the law on peremption under La. R.S. 9:2772 prior to the enactment of subparagraph (A)(1)(c). Moreover, for the reasons set forth herein, even if the facts of Ebinger had been different and the incidental demand had been filed within ninety days of a timely main demand, we do not believe that La. C.C.P. art. 1067 would have been applicable.

. We are mindful that there are two reported cases wherein the Louisiana Fourth Circuit Court of Appeal has applied La, C.C.P. art. 1067 to claims arising under La. R.S. 9:2772. See Klein v. Allen, 470 So.2d 224 (La.App. 4 Cir.1985); see also Metairie III v. Poche’ Cortstr., Inc., 2010-0353 (La.App. 4 Cir. 9/29/10), 49 So.3d 446, writ denied, 2010-2436 (La.9/16/11), 69 So.3d 1138. We have thoroughly reviewed those cases. We, however, find that there is no authority given by the Fourth Circuit for application of La. C.C.P. art. 1067. Thus, we feel compelled to follow the decision of the Louisiana Supreme Court in Ebinger, 65 So.3d 1279.

. The trial court ruled that the amendment to La. R.S. 9:2772, effective August 1, 2012, is inapplicable to Richmar’s claims, and Rich-mar has not raised that portion of the ruling as an issue or assignment of error in its original appellate brief. However, in a reply brief filed in response to the appellees’ briefs, Richmar argued for the first time that the 2012 amendment should be applied retroactively, as the change was merely interpretive and curative of existing law. As to this argument, we note that it is well recognized that procedural laws which also have the effect of making a change in the substantive law must be construed to operate prospectively only, unless there is a clear and unequivocal expression of intent by the legislature for such an extreme exercise of power. See La. C.C. art. 6; see also Chance v. Am. Honda Motor Co., Inc., 635 So.2d 177 (La. 1994) (held that amendment to La. C.C. art. 3492 which suspended running of prescription against permanently disabled minors in products liability actions applies to causes of action that arose prior to date of amendment for which the one-year prescriptive period had not yet accrued; however, retroactive application did not extend to revive previously time-barred causes of action, as change in right to plead exception of prescription constitutes a substantive change in the law); see also Succession of James, 2007-2509 (La.App. 1 Cir. 8/21/08), 994 So.2d 120, vmt denied, 2008-2302 (La. 12/12/08), 996 So.2d 1119 (held that former limitations statute providing that petition to establish filiation must be filed within 19 years of child's birth or one year of alleged father's death, whichever first occurred, rather than current limitations statutes providing that petition to establish filiation must be filed within one year of alleged father’s death for succession purposes, applied to filiation petition of 41-year old daughter whose alleged father died after current limitations statute became effective; legislature did not dearly and unequivocally express intent to have current limitations statute apply retroactively to revive filiation actions that had already been perempted before the effective date of the limitations change). In the instant case, the legislature made no indication that the 2012 amendment to La. R.S. 9:2772 would operate retroactively to resurrect claims already time barred by peremption. Given the legislature’s presumed knowledge of the Louisiana Supreme Court’s holding in Ebinger, 65 So.3d 1279, and in the absence of any statement of intent to apply the amendment retroactively, it is clear that the legislature intended La. R.S. 9:2772(A)(l)(c) to apply prospectively only.