McCLENDON, J.,
dissents with reasons.
|,I disagree with the majority’s analysis regarding statutory construction and, specifically, the majority’s failure to harmonize LSA-C.C.P. art. 1067 and LSA-R.S. 9:2772. See LSA-C.C. art. IB.[1]
In applying the general rules of statutory construction, the meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, *1051 and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker. Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (LaApp. 1 Cir.1984).
In this matter, LSA-R.S. 9:2772 provides a five-year peremptive period for claims arising out of the construction, design, or building of immovable property, |2and LSA-R.S. 9:2772B(3) provided that “[t]his peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice.” This statute, however, must be read in conjunction with LSA-C.C.P. art. 1067, which provides:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Our supreme court has recognizéd Article 1067 as an exemption statute. Reggio v. E.T.I, 07-1433 (La.12/12/08), 15 So.3d 951, 956. Although Reggio involved the issue of prescription, Article 1067 specifically lists both prescription and peremption.[2] Therefore, Article 1067, as an exemption, permits additional opportunities for filing incidental demands on which prescription or peremption would normally have run, if filed within 90 days of the filing of the main demand and assuming that the main demand was timely filed.[3]
The fourth circuit has recognized the exemption of Article 1067 to claims arising under LSA-R.S. 9:2772 in Metairie III v. Roche’ Const, Inc., 10-0353 (LaApp. 4 Cir. 9/29/10), 49 So.3d 446, writ denied, 10-2436 (La.9/16/11), 69 So.3d 1138, and Klein v. Allen, 470 So.2d 224 (LaApp. 4 Cir. 1985). In the Klein case, the court stated:
FNBC’s third party demand against Jones was filed on April 8, 1982, the last possible day on which a claim could be asserted under R.S. 9:2772(C). Jones’ third party demand against Nolan was filed on June 30, 1982, within ninety days of FNBC’s demand. C.C.P. Art. 1067 provides:
Is An incidental demand is not barred by prescription or peremption *1052 if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.
Under this article Jones’ claim against Nolan was timely; it was not barred at the time FNBC’s demand on Jones was made because of R.S. 9:2772(C), and it was filed within ninety days of service of FNBC’s demand. The trial judge erred when he dismissed this claim.
Klein, 470 So.2d at 226.
Similarly, in Metairie III, after finding the current five-year peremptive period in LSA-R.S. 9:2772 applicable, the court stated:
Under La.Code Civ. Proc. art. 1067, “[a]n incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of the main demand or in the case of a third party defendant ninety days from service of the third party demand.” Metairie Ill’s main demand was filed on March 21, 2006, and the peremptive period in this matter for all claims related to the construction project were perempted under the five-year periods on April 2, 2006. Poche Construction was served with Metairie Ill’s main demand on April 11, 2006. Under La.Code Civ. Proc. art. 1067, Poche Construction had ninety days from April 11, 2006 to file their claim against Labiche Plumbing, but failed to do so within this time period. Poche Construction’s third party demand, filed on September 28, 2007, is therefore clearly perempted on its face, and appellant has not met its burden of showing that their action has not been perempted.
Metairie III, 49 So.3d at 454.
In the case sub judice, the certificate of occupancy was issued on April 4, 2007. The Pecks filed their lawsuit against Rich-mar Construction, Inc. on April 3, 2012, and Richmar was served with the petition on May 4, 2012. Therefore, Richmar’s third-party demands, filed on July 9, 2012, within the 90-day period of Article 1067, were timely.
Accordingly, I disagree with the majority’s conclusion that Article 1067 does not apply to the facts of this case.[4] Because Article 1067 provides an exemption to per-emption and because Richmar timely filed its third-party Rdemands within 90 days of service of the main demand, the trial court erred in failing to apply Article 1067 and incorrectly granted the third-party defendants’ exceptions of peremption.
Therefore, I respectfully dissent.

. Louisiana Civil Code Article 13 provides that ”[l]aws on the same subject matter must be interpreted in reference to each other.”

. The legislature clearly could have provided an exemption only as to prescription, but chose to include both peremption and prescription.

. As explained by Professor Frank Maraist in Chapter 7 of the Louisiana Civil Law Treatise, entitled "Incidental Actions,” 1 La. Civ. L. Treatise, Civil Procedure § 7.2 (2008):
Article 1067 is useful for avoiding unnecessary lawsuits. When two claims arise out of the same occurrence, one person may decide not to pursue his or her claim as long as the other person also forgoes his or her claim. However, a claimant who would otherwise forgo his or her claim may not learn until after the claim has prescribed that the other party filed an "eleventh hour” suit asserting his or her claim. Faced with this prospect, such a claimant would be likely to file a protective suit. Article 1067 eliminates the dilemma that would prompt a protective, and sometimes unnecessary, suit by allowing the forebear-ing claimant a ninety-day grace period. The period has been described as an exemption period, and not an extension of prescription. [Footnotes omitted.]

. I also do not find Ebinger v. Venus Constr. Corp., 10-2516 (La.7/1/11), 65 So.3d 1279, applicable to the matter before us. In Ebinger, unlike the present case, the main demand was filed outside the five-year preemptive period and the general contractor’s third-party demand was untimely under Article 1067. Because Article 1067 could not apply, the article was never mentioned or discussed in the analysis.