## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-1065


CITY OF YOUNGSVILLE

VERSUS

C. H. FENSTERMAKER & ASSOCIATES, L.L.C.


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2015-4091
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Van H. Kyzar, Judges.


**AFFIRMED.**

**Paul J. Hebert**
**K. Wade Trahan**
**Ottinger Hebert, L.L.C.**
**P. O. Drawer 52606**
**Lafayette, LA 70505-2606**
**Telephone: (337) 232-2606**
**COUNSEL FOR:**
        **Defendant/Appellee – Glenn Lege Construction, Inc.**

**Frank X. Neuner, Jr.**
**Brandon W. Letulier**
**Jeffrey K. Coreil**
**NeunerPate**
**One Petroleum Center – Suite 200**
**101 West Pinhook Road**
**Lafayette, LA 70503**
**Telephone:  (337) 237-7000**
**COUNSEL FOR:**
        **Defendant/Appellant – C. H. Fenstermaker & Associates, L.L.C.**

**William Lee Melancon**
**Melancon & Associates**
**520 Roosevelt Street**
**Lafayette, LA 70503**
**Telephone:  (337) 233-8600**
**COUNSEL FOR:**
        **Plaintiff/Appellee – City of Youngsville**

**THIBODEAUX, Chief Judge.**

The defendant engineer, C. H. Fenstermaker & Associates, L.L.C. (Fenstermaker), provided engineering services for the construction of a roadway in the City of Youngsville. Youngsville sued Fenstermaker for deterioration of the roadway. Fenstermaker filed a third-party demand against the construction company, Glenn Lege Construction, Inc. (GLC). GLC filed an exception of peremption, which was granted by the trial court. Fenstermaker appeals the trial court's judgment in favor of GLC. Finding no error or manifest error in the trial court's judgment, we affirm.

## I.

## ISSUE

We must decide whether the trial court erred in interpreting La.R.S. 9:2772[1] and in granting GLC's exception of peremption.

---

[1]Louisiana Revised Statutes 9:2772, entitled "Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon," provides in pertinent part as follows:

> A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

> (1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.

## FACTS AND PROCEDURAL HISTORY

The City of Youngsville (City) contracted with Fenstermaker for engineering services in the design, planning, and supervision of a 6.5-mile roadway in Lafayette Parish. The City entered into a separate contract with GLC for construction of the roadway as designed. Upon the recommendation of

---

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.

(c) If, within ninety days of the expiration of the five-year peremptive period described in Subparagraph (a) of this Paragraph, a claim is brought against any person or entity included within the provisions of this Subsection, then such person or entity shall have ninety days from the date of service of the main demand or, in the case of a third-party defendant, within ninety days from service of process of the third party demand, to file a claim for contribution, indemnity or a third-party claim against any other party.

. . . .

B. (1) The causes which are perempted within the time described above include any action:

(a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).

(b) For damage to property, movable or immovable, arising out of any such deficiency.

(c) For injury to the person or for wrongful death arising out of any such deficiency.

. . . .

(3) Except as otherwise provided in Subsection A of this Section, this peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

C. If such an injury to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.

Fenstermaker, the City opened the road to the public in 2009, but only months later, in 2009, the roadway began to fail. The City still held funds on both Fenstermaker's and GLC's open contracts. GLC did repair work, and Fenstermaker oversaw the work. The last change order on the construction contract was dated January 21, 2010. The City accepted the work and recorded its public notice of acceptance on August 27, 2010.

Failures began again over the next few years. It was determined that the failures were due to the soil in the base and the asphalt. The City's mayor hired a new engineer in 2015 and filed suit against Fenstermaker on August 19, 2015, within five years of the recorded acceptance. Fenstermaker filed an exception of peremption, asserting a 2009 acceptance of substantial completion. The trial court denied Fenstermaker's exception of peremption. This court denied Fenstermaker's writ application, No. 16-431,[2] on Fenstermaker's exception of peremption.

Fenstermaker filed a third-party demand against GLC on December 23, 2015, asserting fault and seeking indemnification in the amount of any judgment issued against Fenstermaker in the main demand. GLC asserted that it had followed the design specifications and used the materials required by Fenstermaker and that Fenstermaker's third-party demand against GLC was untimely. The trial court granted GLC's exception of peremption. Fenstermaker appeals the judgment of the trial court, asserting that the trial court misinterpreted the statute at issue, La.R.S. 9:2772.

---

[2]*City of Youngsville v. C.H. Fenstermaker and Associates, L.L.C.*, writ application, No. 16-431, denied as to Fenstermaker's exception of peremption (La.App. 3 Cir. 9/26/16), __ So.3d __.

## STANDARD OF REVIEW

Questions of law, such as the proper interpretation of a statute, are reviewed by the appellate court under the de novo standard of review. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36 (citations omitted).

> Peremption is a period of time fixed by law for the existence of a right. La. Civ.Code art. 3458. The right is extinguished upon the expiration of the peremptive period. *Id.* When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. *State Through Div. of Admin. v. McInnis Bros. Const.*, 97-0742 (La.10/21/97), 701 So.2d 937, 939. "Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment." La. Civ.Code art. 3460. "Peremption may not be renounced, interrupted, or suspended." La. Civ.Code art. 3461.
>
> The peremption exception is considered a peremptory exception. *Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners and Citizens of Denham Springs Economic Development Dist.*, 05-2274 (La.10/17/06), 945 So.2d 665, 680; La.Code Civ. Proc. art. 927. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Carter v. Haygood*, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension. *Flowers, Inc. v. Rausch*, 364 So.2d 928, 931 (La.1978); see also La. Civ.Code art. 3461. As such, the following rules governing the burden of proof as to prescription apply to peremption.
>
> If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Carter,* 892 So.2d at 1267. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stobart v. State, through DOTD*, 617 So.2d 880, 882 (La.1993).

*Rando v. Anco Insulations Inc.*, 08-1163 pp. 19-20 (La. 5/22/09), 16 So.3d 1065, 1082.

IV.

## LAW AND DISCUSSION

The Louisiana Legislature enacted La.R.S. 9:2772 in 1964 to protect building contractors from liability for past construction projects that could extend for an indefinite period of time. *Thrasher Constr., Inc. v. Gibbs Residential, L.L.C.*, 15-607 (La.App. 4 Cir. 6/29/16), 197 So.3d 283, *writ denied*, 16-1453 (La. 11/15/16), 209 So.3d 779. More specifically, La.R.S. 9:2772 provides that a suit arising from the design and construction of an immovable must be brought not more than "five years after the date of registry in the mortgage office of acceptance of the work by owner." La.R.S. 9:2772(A)(1)(a). If no acceptance is recorded within six months of occupancy or possession of the property, the date of occupancy is the date that begins the five-year period for filing suit. La.R.S. 9:2772(A)(1)(b). If the main demand is brought within ninety days of the expiration of the five-year peremptive period, that defendant will have ninety days from the date of service of the main demand to file a third-party claim. La.R.S. 9:2772(A)(1)(c).

Here, the City filed the main demand against Fenstermaker on August 19, 2015, within ninety days of the expiration of the five-year period which began on August 27, 2010, and which ended on August 27, 2015. Thus, GLC argues that Fenstermaker had ninety days from the date of service of the main demand on Fenstermaker within which to file a third-party demand against GLC. The record reveals that service of the main demand was made on Fenstermaker on August 21, 2015. Thus, GLC asserts that La.R.S. 9:2772(A)(1)(c) applies, and Fenstermaker had to file its third-party demand against GLC in November 2015. Fenstermaker

5

did not file its third-party demand against GLC until December 23, 2015. Thus, GLC argues that Fenstermaker's third party demand is perempted.

Fenstermaker contends that the damage to the roadway was discovered by the new City Engineer, Pamela Gonzales-Granger, in March and June 2015, and that La.R.S. 9:2772(C) gives Fenstermaker an additional year from those dates in 2015 to file its third-party demand. Louisiana Revised Statutes 9:2772(C) (emphasis added) provides as follows:

> If such **an injury** to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of **the injury**, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.

The trial court interpreted "an injury" and "the injury" as the initial deterioration and failure of the roadway that had begun in previous years and was ongoing. In its reasons for judgment the trial court cited the testimony of the City's engineer, Pamela Gonzales-Granger:

> After considering the briefs filed and testimony and evidence presented by the parties, the Court sustained the exception of peremption filed by Glenn Lege Construction, Inc. The Court rejected the argument made by C. H. Fenstermaker & Associates, LLC that its third party demand filed on December 23, 2015 was timely pursuant to the provisions of La. R. S. 9:2772 (C) which extends the period for filing a third party demand if the "injury" to the property occurs during the fifth year after the filing of the Notice of Acceptance. After hearing the testimony of City engineer, Pamela Gonzales-Granger, the Court found the deterioration of the roadway that was noted in March and June of 2015 was not a new "injury" to the property but was a reoccurrence of an ongoing issue which existed in the base of the Chemin Metairie Parkway prior to March and June of 2015.

6

This indicates that the trial court would have applied Paragraph (C) to the third-party demand but believed that it was inapplicable because "the injury" at issue did not occur in the fifth year. As discussed below, we believe that Paragraph (C) does not and did not apply to third-party demands at the pertinent times for other reasons as well. However, we will first discuss the trial court's reasons.

As previously stated, Ms. Granger began her tenure as city engineer in January 2015 with the new mayor's administration. The record reveals that the roadway was already failing at that time. Ms. Granger testified that a repair project was underway that Fenstermaker had begun in December 2014 and that she had stopped that project in February 2015, as she found more and more areas of deterioration in an amount that required rebidding the project.

Three letters from Granger to the mayor recommended cost approvals for "Chemin Metairie Parkway Phase 1 Emergency Roadway Patching and Reconstruction." The first letter, dated February 27, 2015, recommended awarding GLC the construction bid of $456,161 on a repair project that clearly had been studied for some time, as there were alternative proposals at differing costs to "fix failing areas" of the roadway, which was to have had a ten-year life-expectancy when it was accepted by the City in 2010. The second letter from Ms. Granger was dated March 30, 2015. It recommended a change order increasing the amount for reconstruction by $202,477 due to "additional deterioration" and "potholes" identified in a March 18 walk-through that had not appeared in February 3 and 6. A third letter from Ms. Granger dated June 3, 2015, recommended another increase of $553,163 after a June 1 walk through identified "additional deterioration" along the route that on February 3 and 6 had not shown deterioration or potholes "as well

7

as an increase in the areas that showed deterioration previously." At the trial of GLC's exception, Ms. Granger was asked about the March and June letters:

> Q.     Now, during the course of that inspection in which you reported to Mayor Ritter was there anything new that was happening with the roadway as compared to the prior experiences.
>
> A.     No. Both letters in which you are referring to were times along the construction of the project where we identified that there were just additional areas of the same problem and that we needed to address those while we were out there doing the construction.

On direct examination, Ms. Granger reiterated four more times that those inspection letters identified reoccurrences of the same problem. On cross-examination, Ms. Granger testified approximately one dozen times that her inspections in 2015 revealed additional areas of the same type of deterioration in the roadway that were the subject of the repairs and reconstruction already underway in December 2014. If repairs were underway in December 2014, the damage occurred well before that time. Ms. Granger testified that they were patching and reconstructing the road by fixing the worst areas first because money was limited. If areas of the road just had "dips" in them, they moved on to fix the roadway where it was unusable. Then, as the project went forward, the areas that were not as bad also became deteriorated. She rebid the project in February and recommended increases in March and June 2015. While neither the trial court nor the parties discussed any particular dates in 2014 when these preexisting repairs were begun, it appears that the trial court, having just heard and denied Fenstermaker's second exception of peremption, believed that the ongoing problems with the road were in the base of the road as it was originally built. The record as a whole supports that conclusion.

8

Fenstermaker wishes to isolate the last deteriorations found in March and June 2015 as if Fenstermaker had not planned, designed, and overseen the entire length of the road and required the same materials for the whole length of the road. The new road began to fail shortly after it was accepted by the City, and it continued to deteriorate as the five-year deadline for recovery approached, as evidenced by the letters from the City's new engineer, Ms. Granger. The entire road was flawed, and the same design that caused it to crumble in one place was causing it to crumble in other places. To say that only the most recent deterioration in the fifth year constituted "such an injury" would mean that Fenstermaker was only responsible for the failure of the spots that crumbled in March and June of 2015, but not for the ones found in the previous years.

The City had five years from acceptance of the design to bring suit, and it did so timely under 9:2772(A). Fenstermaker had ninety days from the day it was served by the City to bring its third-party claim against GLC under 9:2772(A)(1)(c). It did not do so. No case on the subject indicates that "the injury" referred to in 9:2772(C) was intended to apply to only the last injuries in a situation such as this. In fact, Fenstermaker accuses GLC of inserting "first" before the word "injury," but Fenstermaker wishes us to insert "last" before the word "injury." The two or three cases cited by Fenstermaker, discussed more fully below, involve a single injury and provide no authority for Fenstermaker's position.

Moreover, regardless of the date of the injury, we find that Paragraph (C) does not now apply to third-party demands, and it is questionable whether it ever did. More specifically, the words to La.R.S. 9:2772(C) indicate that it covers "an injury" or "the injury" "to the property or to the person" giving rise to the

9

lawsuit; and when considering the statute as a whole, it is clear that (C) is written to benefit the injured party in the main demand. This paragraph does not in any way discuss third party demands or indicate that it is written to benefit the *defendant* in the main demand. If the injured plaintiff in the main demand takes advantage of the extra year in Paragraph (C), then the defendant has ninety days from service of *that* filing to file its-third party demand, pursuant to La.R.S. 9:2772(A)(1)(c).

This becomes clearer when analyzing La.R.S. 9:2772(B), which provides that the peremptive periods of Paragraph (A) apply to actions for a deficiency in planning, design, inspection, or construction of improvements to immovable property *for* "*damage to property*" or "*injury to person*" "*arising out of any such deficiency.*" La.R.S. 9:2772(B)(1)(a) through (c). Louisiana Revised Statutes 9:2772(B)(3) (emphasis added) states: "***Except as otherwise provided in Subsection A*** of this Section, this peremptive period ***shall extend to every demand***, ***whether brought by direct action or for contribution or indemnity or by third-party practice***, and whether brought by the owner or by any other person." Paragraph (B)(3) does not provide for any other extension of the five-year peremptive period for a third-party demand, except for the ninety-day extension in Paragraph (A), specifically Subparagraph (A)(1)(c). If the legislature had intended for the extra year in paragraph (C) to apply to third-party demands, it would have included (C) as an "otherwise provided" extension in the text of (B)(3).

Subparagraph (A)(1)(c) is the only paragraph in La.R.S. 9:2772 that extends the five-year peremptive period for third-party demands. Louisiana Revised Statutes 9:2772 was amended in 2012, and Subparagraph (A)(1)(c) was enacted/added at that time. Thus, it is clearly the applicable subpart in this case.

10

Moreover, the additional year in Paragraph (C) does not help Fenstermaker in this case because Fenstermaker has not yet suffered damages. More specifically, again, La.R.S. 9:2772(C) (emphasis added) states:

> **If such an injury** to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, **an action to recover the damages thereby suffered** may be brought **within one year after the date of the injury**, **but in no event more than six years after the date set forth in Subsection A**, even if the wrongful death results thereafter.

Fenstermaker cannot recover damages that it has **not suffered**, and it is not an injured entity who has suffered damages until it is cast in judgment. *Even if* the last date of injury, June 1, 2015, were considered the defining date of injury, and *if* Fenstermaker were cast in judgment today, the date of acceptance was August 27, 2010, almost eight years ago, which is clearly outside the six-year limit of La.R.S.9:2772(C). In this case, Fenstermaker's claim was preempted under Paragraph (C) before its cause of action arose. It is only Subparagraph (A)(1)(c) that extends the peremptive period for Fenstermaker's filing of a third-party demand.

We are particularly instructed by the Louisiana Supreme Court's analysis in a case which pre-dated the 2012 amendment to La.R.S. 9:2772 which added Subparagraph (A)(1)(c) and the ninety-day extension therein. We note that Paragraph (C) was in existence in 2011,[3] and the supreme court did not apply it, or even address it, because, in 2011, no part of La.R.S. 9:2772 created an extension for a cause of action that had not accrued. In *Ebinger v. Venus Construction Corporation*, 10-2516 (La. 7/1/11), 65 So.3d 1279, the Louisiana Supreme Court

---

[3]Paragraph (C) of La.R.S. 9:772 was part of the 1964 version, and its only revisions were in 1999, which reduced the extended period from eleven to eight years; and again in 2003, which reduced the extended period from eight to six years.

discussed Paragraph (B) and thoroughly and comprehensively addressed whether the 2003 amendment to La.R.S. 9:2772, reducing the seven-year peremptive period to a five-year peremptive period, was *in*applicable because it disturbed a vested right of the defendant/third-party plaintiff. The court found that the 2003 amendment *was* applicable because it did *not* disturb a vested right. The court stated as follows:

> [W]e are mindful of the difference between the commencement of peremption and the accrual of a cause of action. These key moments in time apparently have been confused in this case. Although the peremptive period in this matter began on April 22, 1997, nothing in La. R.S. 9:2772 indicates that [the defendant's] right to indemnity vested at that time, as [the defendant] contends. Logic and the nature of indemnity instruct otherwise. *Although cracks in the [plaintiff's] brick veneer may create a cause of action for the homeowners, it did not create [the defendant's] cause of action for indemnity.* Indemnity is a separate substantive cause of action, independent of the underlying wrong. *Nassif v. Sunrise Homes*, 98-3193 (La.6/29/99), 739 So.2d 183, 186. As we explained in *Nassif*, "[i]ndemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. *Id*. at 185. Unless and until [the defendant] is cast in judgment, it has discharged no liability for which to seek reimbursement from [the third-party defendant]. A third-party defendant is liable to the third-party plaintiff only if the third-party plaintiff is cast in judgment. *Howard v. Baker Heritage Hosiery*, 683 So.2d 827, 830 (La.App. 5 Cir.10/1/96). In other words, liability on a third-party demand is contingent upon the result of the main demand. *Burns v. McDermott, Inc.*, 665 So.2d 76, 79 (La.App. 1 Cir.1995).

*Ebinger*, 65 So.3d at 1286-87 (emphasis added).

The court further stated:

> When the [plaintiffs] took occupancy in 1997, [the defendant/third-party plaintiff] had no claim for indemnification because it had neither been sued nor cast in judgment. [The defendant/third-party plaintiff's] indemnity right was conditional because it depended on the [plaintiffs'] action; it was contingent because it

12

depended on the outcome of that principal demand. Although cracks in the [plaintiffs'] brick veneer may have established a cause of action for the homeowners, it did not create a cause of action for [defendant's] third-party claim because that action depends on the [plaintiffs] seeking judicial enforcement of their claim. Until [the defendant] has been cast in judgment, it has not suffered damages that can be recovered from [the third-party defendant] through indemnity because liability has not been established. Therefore, [the defendant/third-party plaintiff's] indemnification right was conditional and incomplete when the [plaintiffs] filed suit against the company. For these reasons, we find [the defendant/third-party plaintiff's] right to indemnification was not vested when the 2003 amendment to La. R.S. 9:2772 became effective. Therefore, the five-year peremptive period established by the amendment applies to this matter, and [the defendant/third-party plaintiff's] third-party demand against [the third-party defendant] is perempted.

*Id.* at 1287-88.

In conclusion, the court stated:

La. R.S. 9:2772, which established a five-year peremptive period for actions involving construction defects, became effective on August 15, 2003. More than three years later, [in 2006, the defendant] filed a third-party demand seeking indemnification from [the third-party defendant]. Because the peremptive period began when the [plaintiffs] occupied the residence in 1997, [the defendant's] claim was perempted [in 2002] before its cause of action arose. Accordingly, the court of appeal's ruling is reversed, and the judgment of the trial court is reinstated.

*Id.* at 1288.

The following year, La.Acts 2012, No. 762, § 1, S.B. 258, 2012 Reg. Sess. (La.2012), enacted La.R.S. 9:2772(A)(1)(c) "to authorize the filing of certain contribution, indemnity or third-party claims." The Resume Digest for Senate Bill 258 actually quoted from Paragraph (B) when it stated:

Prior law provided that a five-year peremptive period extends to every demand arising under the prior law, whether brought by direct action or for contribution or

13

indemnity or by third party practice, and whether brought by the owner or by any other person.

New law adds an exception that if, within 90 days of the five-year peremptive period, a claim is brought against any person or entity included in the prior law, then that person or entity has 90 days from date of service of the main demand or, in the case of a third-party defendant, 90 days from service of process of the third-party demand, to file a claim for contribution, indemnity or a third-party claim against any other party.

Accordingly, prior to the 2012 enactment of Subparagraph (A)(1)(c), there was no exception to the five-year peremptive period for third-party demands, even though Paragraph (C) had been in existence since 1964. Act 2012 also added at the beginning of Subparagraph (B)(3) of La.R.S. 9:2772, "***Except as otherwise provided in Subsection A of this Section, this***" which had previously stated, "This peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person." The added language clarifies that no other exception, except the newly enacted (A)(1)(c) would apply to third-party demands.

The cases cited by Fenstermaker appear to be the only cases addressing Paragraph (C), and those cases are wholly distinguishable. Contrary to Fenstermaker's assertion, there have not been "consistent" applications by the courts of Paragraph (C). There have been three cases in thirty-three years, beginning in 1985, and all of the decisions occurred before *Ebinger* in 2011 and before the 2012 amendments enacting Subparagraph (A)(1)(c). As stated by GLC, the incident at issue in *Klein v. Allen*, 470 So.2d 224 (La.App. 4 Cir. 1985), was a single injury arising from a bank renovation wherein the bank door caused personal injury to the plaintiff in the ninth year after acceptance of the work, and about two months before peremption. There, the plaintiff filed suit about one

14

month after peremption, but the court applied Paragraph (C) to find the plaintiff's action timely. The fourth circuit also found the bank's third-party demand against the contractor timely where the bank's filing date was exactly one year after the plaintiff's injury date. That finding would be impermissible under the current statute. Further, the fourth circuit court applied La.Code Civ.P. art. 1067 to find the remaining third party demands timely, which we believe to have been an impermissible extension of the peremption period of La.R.S. 9:2772, even in 1985.[4]

Also cited by Fenstermaker is *Sinnett v. Hilton Riverside LLC*, 09-5631, 2011 WL 1703719 (E.D. La. May 3, 2011), where the plaintiff sustained a single injury while attempting to use the shower seat in the hotel room. *Sinnett* was also decided prior to *Ebinger* in July 2011, and prior to the 2012 enactment of La.R.S. 9:2772(A)(1)(c). In fact, in 2011, *Ebinger*, 65 So.3d 1279, reversed this court's decision in *Ebinger v. Venus Construction Corporation*, 10-194 (La.App. 3 Cir. 10/6/10), 48 So.3d 375, wherein we erroneously found that the defendant's right of action for a third-party demand vested simultaneously with the plaintiff's injury. *Sinnett* referenced the reversed *Ebinger* case and followed that reasoning but found the third-party demand untimely in *Sinnett* because it was filed more than one year after the plaintiff's injury. *Sinnett* provides no authority for the case before us.

---

[4]*See Peck v. Richmar Construction, Inc.*, 13-1170 (La.App. 1 Cir. 2/26/14), 144 So.3d 1042, *writ denied*, 14-830 (La. 6/20/14), 141 So.3d 810, following the Louisiana Supreme Court's reasoning in *Ebinger* and refusing to apply La.Code Civ.P. art. 1067, a general statute, to extend the time for filing a third-party demand under La.R.S. 9:2772 *before* the 2012 enactment of Subparagraph (A)(1)(c) (found that La.R.S. 9:2772(A)(1)(c) changed the law and was intended to avoid the result reached in *Ebinger* in cases which arise in the future); "Louisiana Revised Statute 9:2772(A)(1)(c) now affords a defendant a period of ninety days from service of process to file a claim for contribution or indemnity. However, the amended version of the statute does not apply herein." *Peck*, 144 So.3d at 1049-50.

Nor does Fenstermaker's last case support its position. *In re Katrina Canal Breaches Litigation*, 05-886, 2006 WL 3627749 (E.D. La. December 8, 2006), is an earlier unreported case that did not even involve a third-party demand. That was a direct-action case where the work was completed on May 26, 2000, and the event causing injury to the plaintiffs occurred on August 29-30, 2005, more than five years after completion of the levy walls. The court stated, "When a statute is clearly peremptive such as the one at issue, a cause of action is extinguished if the injury has not yet occurred."

Accordingly, we find no manifest error or legal error in the trial court's interpretation of "the injury" as the ongoing deterioration that began before the fifth year after the City recorded its acceptance of the work. We further clarify that Paragraph (C) does not apply to Fenstermaker because Fenstermaker has not yet suffered damages for which it can recover under (C); and it did not file its third-party demand timely under the only Subparagraph authorizing such filing, La.R.S. 9:2772(A)(1)(c).

V.

## CONCLUSION

Based upon the foregoing, the trial court's judgment granting GLC's exception of peremption is affirmed. Costs of this appeal are assessed to the defendant, C. H. Fenstermaker & Associates, L.L.C.

**AFFIRMED.**